SAMUEL FRIED, APLELLANT, V. AMASA STONE, JR., THEODORE STAUFER, AND SAMUEL STAUFER, APPEL-LEES.

**Equity.** Upon the facts set out at length in the opinion, *Held*, That the petition as well as the evidence on the part of the plaintiff—appellant—contain no sufficient equity to entitle him to relief.

APPEAL from the district court of Burt county. Heard below before SAVAGE, J.

*Uriah Bruner*, for appellant.

First decree was final. Kent Com., 316. *Beisel v. Art-man*, 10 Neb., 181. Jones on Mort., 1600. *Wilson v. Daniel*, 3 Dall., 401. *State v. Dodge Co.*, 10 Neb., 24. Plaintiff in this case had no notice that application would be made for a second decree, and was not present in person or by counsel when it was rendered. Entry of record decree was no vacation of fact. *Nuckolls v. Irwin*, 2 Neb., 60. Freeman Judg., 104 *a*. Court had no jurisdiction to render second decree. Freeman Judg., 117. *Gordon v. Longist*, 16 Peters, 97. Freeman Void Judicial Sales, 2, 42. Sale was unauthorized. *Wells v. Chandler*, 9 Reporter, 808.

*John D. Howe* and *M. R. Hopewell*, for appellees.

COBB, J.

This is an action brought to cancel a deed and set aside a sale of real estate, made upon a foreclosure of a mortgage. The mortgage was executed by Samuel Fried, the plaintiff and appellant, together with his wife and brother, to Amasa Stone, Jr., the principal defendant and appellee, to secure the sum of three thousand dollars with interest, payable

five years from date; interest payable semi-annually.   The
mortgage contained a clause, not unusual in such cases, pro-
viding that in case the said Samuel Fried should fail to pay
any interest thereon when the same is due, or should fail to
keep any of the covenants therein contained, on his part to
be kept and performed, then the whole of said sum and
interest should become due and payable.   On the first day
of April, 1876, there being two semi-annual installments
of interest on the said sum due and unpaid, the said Amasa
Stone, Jr., commenced an action against the said Samuel
Fried, his wife, and brother, for the foreclosure of the whole
amount of the said debt, interest, etc., and the defendants
in said action making default, on the second day of May,
1876, judgment of foreclosure was entered in said cause for
the whole amount of the principal, interest, and costs, in-
cluding an attorney's fee.

   It appears from the bill of exceptions that on the morn-
ing of the day upon which the said judgment of foreclosure
was rendered, the said Samuel Fried applied to one of the
attorneys of the said Amasa Stone, Jr., and desired to pay
the interest then due and have the foreclosure suit dis-
missed; this was declined by the attorney, but the said
Samuel Fried was assured that, while judgment would be
taken in the case, that the same would remain unexecuted
as long as he should keep the semi-annual installments of
interest promptly paid.   Accordingly, upon the rendition
and entering up of the said judgment, there was added at
the foot thereof a clause to the effect that if the said de-
fendant Samuel Fried should at any time bring into court
the principal and interest due, with costs, proceedings
therein should be stayed until the further order of the
court.

   It appears that on the 3d day of May, 1876, the next
day after the entry of the said judgment of foreclosure, the
said Samuel Fried paid to the attorney of said Amasa
Stone, Jr., on said judgment, the sum of three hundred and

ninety dollars; on the second day of October following, the sum of one hundred and fifty dollars; and on the 10th day cf May, 1877, the sum of one hundred and eighty-two dollars.

It further appears that the semi-annual installment of interest which fell due, by the terms of the mortgage, on the first day of October, 1877, not being paid, the said Amasa Stone, Jr., on the 12th day of December of that year, the said district court being in session at the November term thereof, applied to the said court for "the further order" in said cause, contemplated by the clause at the foot of said judgment, as hereinbefore stated, which order was made by the court. The order, although it is called a supplemental decree, shows plainly by its recitals that it was merely intended to take off the stay of proceedings, which it was agreed should be the effect of the prompt payment of the interest semi-annually.

It further appears from the record that on the 13th day of September, 1878, an order of sale was issued to the sheriff of Burt county as a master commissioner to appraise, advertise, and sell the said mortgaged premises. In said order of sale the judgment is recited as "a supplemental judgment obtained in our said court at the adjourned November term, A.D. 1877," etc. It also appears that neither in the issuance of said order of sale, nor in the sale or confirmation thereof, was any notice taken of the payments made on said original judgment hereinbefore referred to. The property was appraised, advertised, and sold, and bid in by the said Amasa Stone, Jr., who conveyed that portion of it involved in this case to the defendants, Theodore and Samuel Staufer, who went into possession thereof before the commencement of this suit.

The original judgment entered in the said cause on the second day of May, 1876, was not final in the sense of sending the parties out of court. The court retained the cause for the purpose of making further orders in case the de-

Fried v. Stone.

fendants therein failed to pay the semi-annual interest promptly upon the same becoming due. This is no unusual thing for a court of equity to do.

The entry of the so-called second judgment, which, as above stated, was in reality no judgment, but only an order to carry the judgment into effect, the condition upon which the same had been stayed having been broken by the defendants, was not in all respects regular. There should have been proof by affidavit of the non-payment of interest. Yet that deficiency is supplied by the allegations in this case, by which it is admitted that the installment of interest which fell due on the first day of October, 1877, was unpaid on the 12th day of December of that year, when the order was entered.

The facts stated by the plaintiff in his petition give him no standing in a court of equity. By his non-payment of interest due on his mortgage, the same by its terms became due. Suit was commenced to foreclose it. As judgment was about being entered against him, although he made no defense, he did interpose sufficiently to obtain a condition by which such judgment should be stayed from time to time upon his doing certain things, to-wit, the payment of the interest semi-annually. He failed in the performance of this condition, and the court entered an order restoring the judgment to exactly what it would have been had no such condition been interposed, and the judgment was executed accordingly.

Now after the lapse of considerable time, the then defendant brings this suit to cancel the deed to the purchaser, made by the sheriff in the execution of such judgment. There are many insuperable objections to the granting of this relief. The Staufers purchased this land from Amasa Stone, Jr., in good faith. The plaintiff knew of the issuance of the order of sale, the advertisement, and sale of said land, and its purchase by Amasa Stone, Jr. He had even permitted himself to be dispossessed of said land by

28

proceedings in forcible detention without questioning the legality of the proceedings under which he had been divested of his title. On this ground alone equity would estop him from now coming into court to question the Staufers' title, upon any showing as to them, by his petition. As to the defendant Stone, the only fraud with which he is charged is in obtaining the order of December 12, 1877, and while it is not easy to see how the court's own records could be the subject of fraudulent misrepresentation to the court, in any case we have already seen that the alleged statement, which it is claimed was false and fraudulent, was true in point of fact and of law.

It has been repeatedly held by this court that the issuance of an order of sale was not necessary to the validity of a sale of real estate upon a judgment for the foreclosure of a mortgage, and such unquestionably is the law. There was but one judgment of foreclosure against the plaintiff, and the sale of the land was made by virtue of it, notwithstanding the date of its rendition and that the amount was mis-stated in the order of sale.

Neither the pleadings nor testimony show the plaintiff to be entitled to any relief in equity.

The judgment of the district court is therefore affirmed.

JUDGMENT AFFIRMED.