LILLIAN WYANT, PLAINTIFF IN ERROR, V. L. D. TUTHILL, DEFENDANT IN ERROR.

1. **Judicial Sale.** Real estate appraised and advertised under an order of sale before the return day of the writ may be sold after the return day.

2. ————: CONFIRMATION. A sale of real estate under an order of sale, where the notice is not published at least thirty days before the sale, will be set aside on motion; but if the sale is confirmed without objection, in the absence of fraud the purchaser will acquire a good title.

ERROR to the district court for Nuckolls county. Heard below before MORRIS, J.

*Royce Wyant,* for plaintiff in error.

*Doniphan & Reed* and *D. W. Barker,* for defendant in error.

MAXWELL, J.

This is an action brought by the plaintiff against the defendant to quiet the title to the west half of section twenty-two, township four north, range five west, in Nuckolls county. The court below found the issues in favor of the defendant and dismissed the action. The plaintiff appeals. It appears from the record that in the

year 1880 one Charles Ayres was the owner of the land in question; that in November of that year a judgment on an attachment was rendered against him by the district court of Nuckolls county in favor of one Herbert Watrous, for the sum of $632.81 and costs, and an order made to sell the property in controversy; that on the 23d day of April, 1881, after notice as required by law, the land in question was sold to the defendant for the sum of $844.40. The sale was thereafter confirmed and a deed ordered and made to the purchaser. On the 20th day of June, 1882, and more than a year after the execution of the sheriff's deed to the defendant, Ayres executed a quit-claim deed of the premises in question to the plaintiff, and this is the title she claims to possess. The plaintiff claims in her brief, first, that as the land was not sold within sixty days from the date of the order of sale that therefore the sale is void; and second, that the notice of sale was advertised but twenty-nine days before the sale. .

The first question was before this court in *Johnson v. Bemis*, 7 Neb., 224, and it was held that, where there is no prohibition in the statute, a sheriff who has levied an execution upon real or personal property of the debtor before the return day of the writ may sell such property after the return day thereof. And that this rule applies to an order of sale. *Phillips v. Dana*, 3 Scam., 551. *Cox v. Joiner*, 4 Bibb., 94. *Lester's Case*, 4 Humph., 383. *Logsdon v. Spivey*, 54 Ill., 104. *Savings Inst. v. Chum*, 7 Bush., 539. *Heywood v. Hildreth*, 9 Mass., 393. *Kane v. McCown*, 55 Mo., 181. *Remington v. Linthicum*, 14 Pet., 84. *Wheaton v. Sexton*, 4 Wheat., 503. *Doe v. Stone*, 1 Hawks, 329. *Stewart v. Severance*, 43 Mo., 322. *Taylor v. Gaskins*, 1 Dev., 295. *Wright v. Howell*, 35 Iowa, 288. *Gentler v. Martin*, 3 Md., 146. *Pettingil v. Moss*, 3 Minn., 223. *Wood v. Colvin*, 5 Hill, 230. *Moreland v. Bowling*, 3 Gill., 500. *Devoe v. Elliott*, 2 Cal., 243. *Bank v. Bray*, 37 Mo., 194. The first objection, therefore, is not well taken.

Second, It appears that the notice of sale was published the first time on the 24th of March, 1881, and the sale took place on the 23d of April following. The sale, therefore, took place on the thirtieth day after the publication of the notice. The statute requires the notice of sale to be published at least thirty days before the day of sale. This was not done in this case, and the failure to do so was good eause for setting the sale aside. A sale of this kind, however, is not void, but voidable, and the defect is cured by confirmation, except, perhaps, where by reason of fraud not then known the debtor is unjustly deprived of his property. In this case the plaintiff relies upon her legal rights alone, and has failed either to plead or prove facts entitling her to any relief whatever. Indeed, the testimony on behalf of the plaintiff is exceedingly meager; nor does the record contain the sheriff's return nor show what was done with the surplus derived from the sale after paying the judgment and costs; while it does appear that objections to the confirmation of the sale were withdrawn and the sale confirmed and a deed ordered and made to the purchaser.

The judgment of the district court is right, and is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.