GEORGE L. JARRETT, APPELLEE, V. JOHN D. HOOVER ET AL., APPELLANTS.

FILED JUNE 7, 1894.   No. 5054.

**Mechanics' Liens: NOTES: PROCEDURE.** Where a party has furnished another material for the erection of an improvement on real estate and has taken the notes of the party for the price of such material, he may have the benefit of the mechanics' lien law (1) by making an itemized account of the material so furnished, making oath thereto and filing the same, in the time prescribed by the statute, in the office of the register of deeds where the improvement is situate; or (2) he may file in the office of the register of deeds copies of the notes taken for the price of the material furnished, together with a sworn statement that the sum for which said notes were given is due him for material furnished the party giving the notes, that said material was used in the erection, reparation, or removal of an improvement on real estate for the payor of said notes, and giving a statement of the items of such material. He may secure the lien by doing either of these things, but he is not obliged to do both.

APPEAL from the district court of Madison county. Heard below before POWERS, J.

*S. O. Campbell*, for appellants.

*Allen, Robinson & Reed, contra.*

RAGAN, C.

George L. Jarrett brought this action to the district court of Madison county against John D. Hoover and others to foreclose a mechanic's lien. The findings and decree of the district court were in favor of Jarrett, and Hoover brings the case here on appeal.

Of the arguments relied on here for a reversal of the decree, one only need be noticed. Jarrett furnished Hoover some mill machinery in pursuance of a written contract between them for a mill, and within four months of the time of furnishing such machinery he made an account in writing of the items of the machinery, and, after making oath thereto, as required by the statute, he filed the same, and the contract between him and Hoover, in the office of the register of deeds of Madison county, and claimed a lien upon the improvement for which the mill machinery was furnished and the real estate upon which it was situate. About the time that Jarrett filed his verified account of the items of material furnished by him to Hoover, the latter executed and delivered his promissory notes to Jarrett for the contract price of the material made the subject of the mechanic's lien. Jarrett did not file in the office of the register of deeds of Madison county a copy of any of said notes with a sworn statement that the sum for which the notes were given, or any part thereof, was due him for labor and material furnished him by Hoover in the erection of the mill. The argument of the appellant here is that because Jarrett took these promissory notes and failed to file copies of them in the office of the register of deeds of Madison county, therefore Jarrett has not brought himself within the mechanics' lien law of the state. In other.

words, that he has no lien on the mill fixtures and furniture furnished by him to Hoover.

Section 3, chapter 54, Compiled Statutes, 1893, provides: "Any person entitled to a lien under this chapter shall make an account in writing of the items of * * * machinery, or material furnished, or either of them as the case may be, and after making oath thereto, shall, within four months * * * of * * * furnishing such machinery or material, file the same in the office of the register of deeds of the county in which such * * * materials shall have been furnished. * * * And if any promissory note shall have been taken for any such labor or materials it shall be sufficient to secure the lien provided for in sections one and two hereof, to file in the office of the register of deeds a copy of such note within the time aforesaid, together with a sworn statement that the sum for which said note was given, or any part thereof, is due for labor and material used for the purpose hereinbefore mentioned, giving in such statement the items of such labor and material, and such lien shall be for the amount so shown to be due for such labor and material, with interest at the rate specified in said note."

Where a party has furnished another material for the erection of an improvement and has taken the notes of the party for the price of such material, he may have the benefit of the mechanics' lien law in either one of two ways. He may either make an itemized account of the material or labor furnished, make oath thereto, and file the same in the time prescribed by the statute in the office of the register of deeds of the county in which the improvement is situate, or he may file in the office of the register of deeds copies of the notes taken for the price of the material or labor furnished, together with a sworn statement that the sum for which said notes were given is due him for labor and material furnished from the party giving the notes, and that said material was used in the erection, reparation,

or removal of and improvement on real estate for the payor of said notes, giving a statement of the items of such labor or material. But having made and filed in the proper office, at the proper time, a verified account of the labor or material furnished for an improvement, a party does not lose his right to a lien because he afterwards takes notes from the party liable on said lien for the price or value of the materials or labor furnished; nor does he lose his lien because he fails to file copies of such notes in the office of the register of deeds. He may secure the lien by doing either, but he is not obliged to do both. The decree is

AFFIRMED.