J. GRIFFITH, APPELLEE, V. JAMES JENKINS, APPELLANT.

FILED FEBRUARY 16, 1897.   No. 7083.

1. Judicial Sales: RAISING BID: CONFIRMATION: REVIEW.  An order
    confirming a judicial sale disclosed that the purchaser in open
    court raised his bid, but did not disclose why he did so or that
    his action in so doing was in performance of any condition im-
    posed by the court as essential to the confirmation of the sale.
    *Held*, That the confirmation of the sale at the higher price was
    without prejudice to the former owner, provided the sale as re-
    ported was regular.

2. ———: ———: ———: ———.  The record examined, and *held* not
    to disclose any irregularity which would have justified the trial
    court in setting aside the sale as reported.

APPEAL from the district court of Buffalo county.
Heard below before HOLCOMB, J.  *Affirmed.*

*F. G. Hamer*, for appellant.

*Warren Pratt* and *E. C. Calkins, contra.*

Irvine, C.

This is an appeal by the vendee from an order confirming a sale of land made under a decree foreclosing a contract for the sale thereof for default of payment. The sole ground urged for reversing the order of the district court is that the order of confirmation was conditioned upon the purchaser's raising his bid from $1,956 to $2,500.

It is contended that the court may not impose conditions changing the terms of the sale, and confirm the sale upon compliance with those conditions; and that the court cannot open up the sale and then accept bids after the officer has made his return. Generally speaking, there is no doubt that these contentions are correct, but the record hardly discloses a basis for their application in this case. The sheriff who made the sale reported the land sold to Griffith for $1,956, which was slightly more than two-thirds the appraised value of Jenkins' interest. A motion was filed to set aside the sale, and thereafter appears an entry as follows: "Now on this 6th day of January, 1894, this cause being called, plaintiff in open court raises his bid made herein to $2,500; thereupon the court doth order that the surplus over and above the amount of the decree in controversy be and the same is hereby directed to be applied on the matured installments of the contract sued on, but not included in the decree. This cause now coming on for further hearing upon the motion of the plaintiff for a confirmation of the sale made herein, and it appearing to the court that the sheriff had made due return to the order of sale issued herein, after carefully examining the same, together with his report of the proceedings had therein, finding them regular and according to law in all respects, the court doth hereby approve the same." Then

followed an order of confirmation.  We find nowhere in the record any reason disclosed for the purchaser's raising his bid after the sale was reported.  It does not appear that the court required such action as a condition for confirming the sale.  On the other hand, the court expressly finds that the sale was regular and according to law in all respects.  It may be true that the purchaser would not raise his bid without some reason therefor, but the record wholly failing to disclose such reason, we cannot infer that it was to meet a condition imposed, and not evidenced by the record, upon the performance of which only the sale would be confirmed.  If the sale was in fact regular and the purchaser entitled to its confirmation at the price reported, the action of the court in accepting an increase of the bid was not prejudicial to the defendant.  If the sale was irregular and the defendant was, therefore, entitled to have it set aside, then it is clear that the court could not cure the error by accepting an increased bid.  It would in such case be the right of the parties to have a new sale, with open bidding, at a proper place and after proper advertising.  As already stated, the defendant complains only of what he calls the condition attached to the order of confirmation, and we might be justified in concluding from that, as well as from the express finding of the court that the sale was regular, that the order of confirmation was proper under the original bid.  In the reply brief, however, it is suggested that there were such irregularities as would have justified the court in setting aside the sale, and that the order of confirmation was, therefore, prejudicial to the defendant.  The first reason suggested is that the appraisement was so low as to justify an inference of fraud.  Among the forty and more reasons set out in the motion to set aside the sale in the district court it is alleged that the appraisement is too low, but it is not alleged that it was fraudulent.  In the absence of fraud an appraisement can be attacked on the ground that it is too low only by motion filed before the sale.  (*Vought*

*v. Foxworthy*, 38 Neb., 790.) Such a motion does not appear in the record, and the assignment in the motion to set aside the sale for the first time that the appraisement was too low presented no question for the district court to act on and did not suggest fraud. Moreover, the proof is insufficient to establish fraud. While there is considerable evidence tending to show that the appraisement was too low, there is much evidence to sustain the action of the appraisers; and, indeed, the proof as to value varies less than we usually find the case in such records.

The land is not described in the same terms in the decree and in the order, notice, and report of sale, and it is claimed this variance was a cause for setting the sale aside. In the decree the land is described as "Lots numbered 405 and 406 and west half of lot numbered four hundred and four, less five feet on the left side thereof, according to the recorded plat of School Section. Addition to the city of Kearney, Nebraska." In the petition, in the contract attached thereto, in the order of sale, in the published notice, and in the report the description is "Lots numbered 406 and 405 and the west half of lot numbered 404, less five (5) feet on the east side of the west half, in School Section Addition to the city of Kearney." The latter description seems reasonably clear. The description in the decree refers to the recorded plat of the addition. If that plat as recorded is arranged as is usual, with the north at the top of the page, then it would seem that the land described in the decree is not exactly the tract sold. If, however, the plat as recorded be inverted, then the five feet on the left side of the west half of lot 404 is also the five feet on the east side of the west half of that lot, and the variance is not material. There is no evidence on this subject preserved by the record. The defendant does not now complain of this variance as a substantive ground for setting aside the sale, but only as disclosing prejudice in confirming it at the higher price. The court found the proceedings regular, and if there was in fact a variance between the decree

and the land actually sold, this was such a manifest error that the court certainly could not have considered a raising of the bid sufficient to cure it. We do not think that error in this respect affirmatively appears.

We have examined the other reasons alleged for setting aside the sale, and we find that they receive no support from the record.

AFFIRMED.