Johnson v. Colby.

---

TILGHMAN JOHNSON, APPELLEE, V. LEONARD W. COLBY ET AL., APPELLANTS.

FILED SEPTEMBER 22, 1897.    No. 7442.

1. **Judicial Sales:** ORDER: DECREE.    A decree of foreclosure is sufficient authority in itself for its execution.    No order of sale need issue, and if one be issued, a sale made thereunder will not be set aside for formal defects in the order, or for failure of the officer to follow entirely the command of the order, provided he follow the law and the decree.

2. ——: Appraisement: Deputy Sheriff. A deputy sheriff may act for his principal in appraising and selling land under decree of foreclosure.

3. ——: ——. An appraisement is not so defective as to invalidate the sale where it finds the value of each of several tracts and the incumbrances on each separately, but concludes by stating defendants' interest in gross.

4. ——: ——: Certificate of Incumbrances. Nor will a sale be set aside on motion of the mortgagor because no certificates of incumbrances were procured, when the incumbrances found and deducted were less than those actually existing.          •

5. Descent. Where an ancestor dies intestate his lands descend instantly to his heirs. It does not require settlement of his estate or a probate order declaring heirship to vest the title.

6. Judicial Sales: Notice: Proof of Publication. Publication of a notice of foreclosure sale may be proved by affidavit of any one knowing the fact, and such knowledge need not be expressly stated in the affidavit.

Appeal from the district court of Gage county. Heard below before Bush, J.  *Affirmed.*

*W. H. Ashby* and *L. W. Colby*, for appellants.

*E. O. Kretsinger, contra.*

Irvine, C.

This is an appeal from an order confirming a sale made in pursuance of a decree of foreclosure. The decree was rendered November 11, 1892. An order of sale was issued August 18, 1893, in pursuance whereof the property was appraised at $10,000, and the interest of the defendants, after deducting prior incumbrances, at $9,405.95. The property was twice offered for sale and not sold for want of bidders. November 23, 1893, a second order of sale was issued and a new appraisement had whereby the property was valued at $6,000, and the interest of the defendants at $5,495.95. A sale was then had. The defendants objected to its confirmation and moved to set both sale and appraisal aside. The sale was set aside, but the motion to set aside the appraisement was

overruled.    April 20, 1894, still another order of sale was issued and the property was sold without a new appraisement.    This sale was confirmed and defendants' motion to set it aside was overruled.    We take up the defendants' objections to the validity of the sale in the order in which the briefs present them.

It is said that the sale was either void or voidable because the order on which it was made does not run in the name of the state of Nebraska.    It is unnecessary to consider whether or not the order sufficiently followed the constitutional provision as to the style of process, because a decree of foreclosure operates directly upon the mortgaged property and is itself sufficient authority for the officer to proceed.    It is unnecessary that any order aside from the decree should issue.    (*Rector v. Rotton*, 3 Neb., 171; *Fried v. Stone*, 14 Neb., 398; *Burkett v. Clark*, 46 Neb., 466.)

It is next said that the sale should be set aside because the order directed the sheriff to appraise, advertise, and sell the property, whereas he proceeded to advertisement and sale without appraisement.    For the same reason as stated above, the sale should not be set aside on account of any defect in the order of sale.    The decree directed the sale and the law prescribed the manner of making the same.    It is only after land has been twice advertised and offered for sale, and remains unsold for want of bidders, that a new appraisement can be made, unless it be in cases where the court has set aside the existing appraisement. (Code, sec. 495.)    The court had refused to set aside this appraisement and it was proper for the sheriff to proceed to sell thereunder.

The next objection is that the sale was bad because the appraisement and sale were made by a deputy sheriff. This question has been considered and decided adversely to the plaintiffs in *Nebraska Loan & Building Association v. Marshall*, 51 Neb., 534.

It is next objected that the appraisement was invalid for the reason that the interest of the defendants was ap-

praised in gross and not in each lot. It appears from the record that the decree directed the sale of four lots. Of these, lots 1 and 2 were occupied by a dwelling house. It was manifestly improper to sever these two lots and sell them separately. They were appraised together. Lot 3 and lot 4 were then separately appraised. The incumbrances on each lot are separately stated in the appraisement, but the interest of the defendants is stated in gross. We do not think that this last was such an irregularity as would justify setting the sale aside. The value of each tract being stated, and then the incumbrances on each tract being found, the appraisement of the defendants' interest was a mere matter of computation, and on the sale each tract brought more than two-thirds the value of the defendants' interest as determined from the face of the appraisement. In connection with this objection, it is also argued that the appraisers did not obtain new certificates of incumbrances, but simply deducted the amount of incumbrances as certified to the first appraisers. This was an irregularity which in a proper case would justify setting aside the appraisement on motion made for that purpose. But it appears that the only incumbrances certified were taxes and that the lien occasioned thereby had increased since the first appraisement was made. If new certificates had been obtained the defendants' interest would have been found at less than it actually was determined, so that the irregularity was not to the prejudice of the defendants.

The next objection is that one of the appraisers, Elmer E. Clancy, was not a freeholder. The sheriff returns that he is a freeholder. Whether this may be contradicted by extrinsic evidence we need not now determine, because the evidence shows that Clancy's father, some months before the appraisement was made, died intestate, seized of certain land in Gage county, in fee simple. It also appears that the estate had not been settled at the time of the appraisement, nor had any order been made determining who were the heirs. But in cases of intes-

tacy the title to real estate vests in the heir instantly on the death of the ancestor. (*Shellenberger v. Ransom*, 41 Neb., 631.) The fact that that title may be afterwards divested by proceedings subjecting and selling the land for the payment of the ancestor's debts, does not prevent title from passing, and renders the estate none the less one of freehold.

It is urged that the appraisement was inadequate. Treating the motion filed after the first sale as a motion seasonably filed to set aside the appraisement, and assuming that this appeal presents the order of the court over-ruling that motion for review, we are satisfied that the finding of the court is not without sufficient support in the evidence.

The proof of publication of the notice of sale is by affidavit of one who describes himself as "principal clerk" of the newspaper in which the notice was published. Some statutes, with regard to proof of publication, require that the proof shall be made by affidavit of certain persons only, as by the printer, his foreman, or principal clerk. This notice, however, falls within the general provision of the Code (sec. 403), whereby publications required by law to be made in a newspaper may be proved by affidavit of any person having knowledge of the fact. (*Miller v. Lefever*, 10 Neb., 77.) Instead of restricting the manner of proof this statute extends it. We do not think that it requires that the affiant should swear that he knew the fact. Unless he knew it his affidavit would be false. This we cannot presume.

The foregoing disposes of all objections urged except those that are merely corrollary to points already discussed.

AFFIRMED.

HARRISON, J., not sitting.