AMOSKEAG SAVINGS BANK, APPELLEE, v. OLIVER ROB-
BINS ET AL., APPELLANTS.

FILED FEBRUARY 17, 1898.   No. 7803.

1. Judicial Sales: Notice: Objections. It is not a good objection to
the confirmation of a sale of real estate made under a decree of
foreclosure that the notice of sale did not accurately state the sum
for the sale isf ction of which the land would be sold.

2. ———: Appraisement: Review. The finding of the district court
upon conflicting evidence that an appraisement was not fraudu-
lent will, ordinarily, be sustained.

3. ———: ———: Incumbrances. When there is no error in the ap-
praisement of land sold under a decree of foreclosure, the owner
cannot complain because the county clerk's certificate, furnished
to the sheriff as required by section 491c of the Code of Civil Pro-
cedure, includes the mortgages which are the basis of the decree.

4. ———: SHERIFF'S RETURN: TIME. A foreclosure sale should be confirmed, notwithstanding the order of sale, issued by the clerk of the district court to the sheriff or other officer directing him to execute the decree, be returned more than sixty days from its date.

APPEAL from the district court of Buffalo county. Heard below before HOLCOMB, J. *Affirmed.*

*Francis G. Hamer* and *J. M. Easterling*, for appellants.

*Dryden & Main, contra.*

SULLIVAN, J.

This case is here on appeal from an order of the district court of Buffalo county confirming a sale of real estate made under a decree of foreclosure.

The first objection is that the notice of sale did not correctly state the amount due one Hawkins as fixed by the decree. The record shows that Hawkins was given a lien on the premises sold for $420, with ten per cent interest from December 22, 1893, while the notice of sale recites that the amount is $420, with interest thereon from December 22, 1892. We do not understand what baleful influence this variance had upon appellants' rights. We know of no law that requires the amount due on a decree of foreclosure to be stated in the notice of sale with mathematical accuracy. The notice would have fully answered the requirements of the statute without stating any amount whatever.

The claim that the appraisement was fraudulent was submitted to the district court upon conflicting evidence and we are bound by the conclusion reached.

It is next urged against the order of confirmation that the certificate of the county clerk shows both mortgages foreclosed in the action as prior incumbrances on the land in question. The clerk's certificate exhibits all the liens and incumbrances affecting this land appearing upon the records of his office. But these mortgages were not deducted from the gross value of the land in making

the appraisement, so, of course, this objection is without merit.

Appellants contend, finally, that confirmation should have been denied because the order of sale was returned into court by the sheriff more than sixty days after it was issued. In the case of *Rector v. Rotton*, 3 Neb. 171, this question was considered and decided. In the opinion Lake, J., uses the following language: "In case of foreclosure, which is a proceeding *in rem*, the decree of the court operates directly upon the mortgaged property; no writ or other process of the court is resorted to to bring it within its jurisdiction. By its judgment, the court simply enforces a contract of sale voluntarily made by the owner. Nor is it at all necessary that an order of sale be issued by the clerk. of the court to the officer charged with the execution of a decree; the judgment is his warrant of authority, and none other is required." The rule thus announced was subsequently affirmed in *Johnson v. Bemis*, 7 Neb. 224, in *Wyant v. Tuthill*, 17 Neb. 495, and in *Johnson v. Colby*, 52 Neb. 327. There has never been any departure from it. It is still the doctrine of this court. In the case of *Burkett v. Clark*, 46 Neb. 466, cited as supporting appellants' contention, the question whether an order of sale must be returned within sixty days from its date was neither presented by the petition in error nor argued in the briefs of counsel. Consequently, what is said on that subject is *obiter*. In that case the judgment of the district court confirming the sale was reversed because the land was advertised for sale before it was appraised, and for the further reason that the sheriff did not forthwith deposit in the office of the clerk of the district court a copy of the appraisement, including the certificates of liens and his application therefor. At page 474 of the opinion it is said: "The officer having levied upon the property, and having appraised the interest of the execution defendant therein, section 491*d* provides that he 'shall forthwith deposit a copy of' the appraisement made, together with the writ-

ten application made by him to the clerk of the district court, county treasurer, and register of deeds, and the certificates furnished by them to him, in the office of the clerk of the court from which the execution which he holds was issued.   After this deposit has been made, the statute (Code of Civil Procedure, sec. 491d) provides that. the officer 'shall immediately advertise the real estate.' It will thus be seen that the officer holding an execution for the sale of real estate has not authority to advertise the same for sale until he has levied upon it, caused it to be appraised, and deposited in the office of the clerk, from which the execution in his hands was issued, a copy of the appraisement made by him and the two freeholders, together with the application in writing for liens made by him to the clerk of the district court, the county treasurer, and the register of deeds, and the certificates which such officers furnished him in pursuance of said application."   The only point in the syllabus bearing upon this question is the 16th, wherein it is said: "An officer holding an execution and having levied the same upon real estate, whether he has offered it for sale or not, and if he has offered it for sale, whether he has sold it or not, must return the execution within sixty days from its date, stating what he has done under it."   The sale in this case having been made in pursuance of the decree and in strict conformity therewith, it cannot concern the appellants when the order of sale was returned or whether one was ever issued.   The judgment of the district court is

AFFIRMED.