GEORGE L. JARRETT, APPELLEE, V. JOHN D. HOOVER ET AL., APPELLANTS.

FILED MARCH 3, 1898.   No. 9562.

1. **Judicial Sales:** APPRAISEMENT.  After property has been sold under a decree, the appraisement can be assailed only for fraud.

2. ———: ———.   The action of appraisers of realty, under an order of sale, in returning the value of the property, in fixing the amount of prior liens at a greater sum, and in finding defendant's interest of no value, is a sufficient compliance with the Code of Civil Procedure (secs. 491a-491c), requiring the interest of defendant to be appraised at its real value in money.

3. ———: ORDER OF SALE.  A decree of foreclosure may be executed without order of sale.  If one be issued, it cannot limit the power conferred by the decree.

4. ———: ———: RETURN: TIME.   Section 510 of the Code of Civil Procedure, fixing the time within which an execution shall be made returnable, is not applicable to orders of sale issued on decrees of foreclosure.

5. ———: ———: ———.   A foreclosure sale will not be set aside merely because the order of sale was not returned within sixty days of its date.

APPEAL from the district court of Madison county. Heard below before SULLIVAN, J.   *Affirmed.*

*S. O. Campbell,* for appellants.

*Reed & Gross, contra.*

NORVAL, J.

This is the second appearance of this cause in this court.   (*Jarrett v. Hoover*, 41 Neb. 231.)   The action was to foreclose a mechanic's lien, and upon the former appeal the decree of the district court foreclosing the lien

9

was affirmed. Subsequently an order of sale was issued by the clerk of the trial court and the premises were sold thereunder, but which sale was set aside on motion of the defendants. On January 27, 1897, a second order of sale was issued upon the decree, the property was appraised, the appraisers certifying: "The interest of John D. Hoover, Jr., *et al.*, defendants, we valued at no dollars;" and in pursuance of proper notice, the real estate was sold on March 1 of that year for the sum of $2,000. The order of sale, with the return of the sheriff indorsed thereon showing his proceedings under the writ, was filed in the office of the clerk of the district court on March 29, 1897. Objections to the second sale were filed, which were overruled, and the sale confirmed. To reverse this last order is the purpose of this appeal.

It is urged that the property was appraised too low, and that certain amounts were deducted by the appraisers as mortgage liens upon the lands, which the court had decreed not to be liens upon the premises. These objections come too late, since they were made for the first time after the sale. Appraisement can be attacked only for fraud, after the property has been sold. (*Vought v. Foxworthy*, 38 Neb. 790; *Smith v. Foxworthy*, 39 Neb. 214; *Ecklund v. Willis*, 44 Neb. 129; *Kearney Land & Investment Co. v. Aspinwall*, 45 Neb. 601; *Overall v. McShane*, 49 Neb. 64; *Griffith v. Jenkins*, 50 Neb. 719; *Hamer v. McFeggan*, 51 Neb. 227; *Omaha Loan & Trust Co. v. Bertrand*, 51 Neb. 508.) If deductions from the gross value of the real estate were improperly made by the appraisers on account of mortgages which were not liens, then the interest of the defendants was appraised too low, and such objection, to be available, should have been filed in the court below before the sale, as no fraud in making the appraisement is established by the evidence.

It is next argued that the defendants' interest in the premises was not ascertained and reported by the appraisers as required by section 491 *et seq.* of the Code of Civil Procedure. This contention is without merit.

They fixed the value of the property at $2,300, ascertained the liens, prior to plaintiff's, to be $10,941.44, and followed this with a finding that "the interest of John D. Hoover, Jr., *et al.*, defendants, we value at no dollars," which was equivalent to a declaration that the defendants' interest in the property had no money value; in other words, that the incumbrances against the land equaled or exceeded the value thereof. But that fact would not defeat a sale.

It is finally insisted there was error in not vacating the sale, because the sheriff did not make return of the order of sale within sixty days from the date thereof, according to the commands of the writ. An execution issued out of a court of record is required to be returned by the officer to the clerk of the court whence it issued within sixty days from the date. (Code of Civil Procedure, sec. 510.) But there is no statute in this state fixing the time within which orders of sale are returnable, and it would be legislation for the courts to hold that said section 510 of the Code is applicable to such writs. By an unbroken line of authorities this court has held that no order of sale need be issued to enforce a decree of foreclosure, but that the decree itself is sufficient authority to the officer or other person designated in the decree to make the sale. (*Rector v. Rotton*, 3 Neb. 171; *Parrat v. Neligh*, 7 Neb. 458; *Fried v. Stone*, 14 Neb. 398, 402; *Wyant v. Tuthill*, 17 Neb. 495; *Johnson v. Colby*, 52 Neb. 327.) In *Fried v. Stone*, *supra*, it was decided that misstatements in an order of sale of the date and amount of the decree did not invalidate the sale. Doubtless, the court rendering the decree may fix the period within which it shall be executed, or the order of sale issued thereon shall be returned. But if no limitation as to time is specified in the decree, the clerk of the court is without authority to designate in the order of sale the date when the writ shall be returned, and if he do so it is of no binding force. It was expressly decided in *Amoskeag Savings Bank v. Robbins*, 53 Neb. 776, that a foreclosure sale will not be set aside

merely because the order of sale was not returned within sixty days of its date. The order confirming the sale is

AFFIRMED.

SULLIVAN, J., not sitting.