CLARK & LEONARD INVESTMENT COMPANY, APPELLEE, V.
BELLE V. HAMILTON ET AL., APPELLANTS, ET AL.

FILED MARCH 3, 1898.   No. 9435.

1. **Mortgages: FALSE CERTIFICATE OF SATISFACTION: FORECLOSURE.**
A certificate of satisfaction issued by the clerk of the district
court and recorded by the register of deeds pursuant to sections
83*a* and 83*b*, article 1, chapter 18, Compiled Statutes 1897, does
not suspend the execution of a decree for the foreclosure and sale
of the land described in such certificate when, in fact, there has
been no release, payment, or satisfaction.

2. **Judicial Sales: RETURN: CONFIRMATION.** It is not a valid objection
to the confirmation of a judicial sale that the order of sale, under
which the sheriff or other officer acted, was not returned within
sixty days from the date of its issuance.

APPEAL from the district court of Lancaster county.
Heard below before HOLMES, J.   *Affirmed.*

*W. S. Hamilton* and *Fritz Westermann*, for appellants.

*S. L. Geisthardt*, contra.

SULLIVAN, J.

To reverse an order of the district court of Lancaster
county confirming a sale of real estate made under a
decree of foreclosure Belle V. Hamilton and William S.
Hamilton have brought this case here by appeal.   Two
objections to the confirmation are argued in appellants'
brief.   We will consider them in the order of their pre-
sentation.

The decree of foreclosure was rendered on the 29th
day of March, 1893, and on the 29th day of August, 1894,
the clerk of the district court issued, and there was filed
in the office of the register of deeds of said county on the
same day a certificate of satisfaction of the mortgage
which was the basis of the decree.   This certificate was
so issued and filed pursuant to the provisions of section
83*a* and 83*b* of article 1, chapter 18, Compiled Statutes
1897.   There was, in truth, no satisfaction of the mort-

gage, and the certificate of the clerk reciting satisfaction was false in fact and improvidently issued. On November 17, 1896, a sale of the mortgaged premises under the decree in question was vacated for alleged irregularity and an order for another sale was entered on the records of the court. This order directs "that said sheriff proceed forthwith again to sell said property pursuant to the terms of said decree under the appraisement as heretofore made by him." Counsel for appellant, in effect, contends that the district court possessed no power to carry its decree into execution until the certificate of satisfaction issued by the clerk and recorded by the register of deeds should be canceled and recalled. We think, however, that the existence of this certificate was not an insuperable obstacle to the enforcement of the decree. It was evidence in the office of the register that the mortgage had been paid, and that was the full extent of its legal efficacy. It could no more suspend the force of the decree than could any other evidence of payment. No precedent has been cited and we know of none which supports appellants' contention. The cases denying the power of the clerk to issue an execution upon a satisfied judgment are entirely wanting in analogy. Upon the records of the district court there is neither actual nor apparent satisfaction of the decree in this case; and the district court, since the alleged satisfaction, has specifically directed the execution of the decree as rendered.

The second objection to the confirmation is based on the failure of the sheriff to return the order of sale within sixty days from the date of its issuance. This objection was properly overruled. In the case of *Amoskeag Savings Bank v. Robbins*, 53 Neb. 776, and also in the case of *Jarrett v. Hoover*, 54 Neb. 65, both decided at the present term, we held that the failure to return an order of sale within sixty days from its date is not a valid objection to the confirmation of a judicial sale. It follows that the judgment of the district court is right and should be

AFFIRMED.