HERMAN WAGENKNECHT ET AL. V. JAMES E. SEELEY
ET AL.

FILED SEPTEMBER 23, 1898.   No. 8239.

1. Foreclosure: DECREE: ORDER OF SALE. The sale of real property under foreclosure proceedings is by virtue of the decree, the terms of which cannot be modified or controlled by an order of sale issued by the clerk of the court in which such decree is entered.

2. ————: CONFIRMATION OF SALE: OBJECTIONS. Objections to confirmation considered, and shown not to be founded upon facts disclosed by the record.

ERROR from the district court of Kearney county. Tried below before BEALL, J.   *Affirmed.*

*Ed L. Adams,* for plaintiffs in error.

*Stewart, Hague & Anderbery, contra.*

RYAN, C.

This proceeding in error from the district court of Kearney county is prosecuted for the review of an order confirming a sale of real property upon foreclosure of a mortgage. The decree was in favor of the original plaintiff for the sum of $55.50, and in favor of one of the defendants on her cross-petition for the sum of $1,498.50. Previous to the sale which we have under consideration there had been a sale of which confirmation had been denied, and in the order of denial was the direction that "a new order of sale is ordered on the same certificates." The sale under consideration was conducted on the theory that the certificates referred to in the language quoted were the certificates of incumbrances. The first objection which plaintiffs in error now insist should have been sustained was that new certificates of incumbrances were not filed after the issuance of the second order of sale, which is the one now under consideration.

It is not urged that these certificates were incorrect
53

in any respect whatever, but merely that they were filed too early—that is to say, before the issuance of the second order of sale. The sale on foreclosure proceedings was under and by virtue of the decree itself, and its validity is not dependent upon the existence of an "order of sale," as it is ordinarily designated. Such an order, commonly made use of, is but a convenient method by which the clerk of the court certifies to the sheriff, or other officer to conduct the sale, the decree under which he is to proceed; and his proceedings, in all respects, must be governed by the terms of the decree. (*Jarrett v. Hoover*, 54 Neb. 65.) This objection to confirmation was therefore without merit.

The second objection to confirmation was that the amount of the bid was not equal to two-thirds of defendants' interest in the land. The appraised value was $2,000, and the deduction of prior liens left $1,927.99 as the interest of the defendants. Two-thirds of this sum is $1,285.33. The sale was for the sum of $1,400, which renders further notice of the objection unnecessary.

It is objected that the appraisers did not deduct the amount of the liens, and thus report the interest of the defendants. It is not understood why this objection is urged, for the deduction was actually made as it is insisted it should have been made. It is urged that the appraisement was too low, but of this there is in the records no evidence whatever. There was no objection which has not been considered, and it results that the order of confirmation must be

AFFIRMED.