SIWOOGANOCK GUARANTY SAVINGS BANK, APPELLEE, V.
FIRMIN Q. FELTZ, APPELLANT.

FILED JUNE 11, 1909.   No. 15,738.

1. Mortgages: FORECLOSURE: OBJECTIONS TO APPRAISEMENT. "Objec-
tions to the. appraisement of real property under a decree of fore-
closure must be made prior to the sale by a motion to vacate
the appraisement." *Mills v. Hamer*, 55 Neb. 445.

2. ———: ———: SALE: CONFIRMATION. "A foreclosure sale should
be confirmed, notwithstanding the order of sale, issued by the
clerk of the district court to the sheriff or other officer directing
him to execute the decree, be returned more than 60 days from
its date." *Amoskeag Savings Bank v. Robbins*, 53 Neb. 776.

3. ———: ———: ———: APPRAISEMENT. Where appraisers make
no deductions from the total appraised value of real property in
a foreclosure proceeding, a failure to separately find the value
of the interest of the owner is without prejudice and will not
invalidate the appraisement, as the value of such interest would
necessarily be the same as the appraised value.

APPEAL from the district court for Keith county: HAN-
SON M. GRIMES, JUDGE. *Affirmed.*

*A. G. Wolfenbarger* and *Wilcox & Halligan,* for appel-
lant.

*Loyal M. Graham, L. H. Cheney* and *F. M. Hall, contra.*

FAWCETT, J.

The only question involved in this case is the correct-
ness of the judgment of the district court in confirming
the sale in a suit involving the foreclosure of certain
mortgages. The only party complaining here is the owner
of the lands covered by the foreclosure. The validity of
the decree of foreclosure is not questioned and could not
be by the owner as he availed himself of the statutory
stay after decree. Upon the expiration of the stay, an
order of sale was issued and the property appraised at
$6,000. It was offered twice, and not sold for want of

bidders, due return of which was made by the sheriff.  A second order of sale was issued, and the same sheriff, together with one of the first appraisers and one new appraiser, appraised the property at the sum of $3,280.  The second order of sale was issued September 20, 1907, and the sale made November 12, 1907.  No objection was made to the appraisement by any one until December 19, 1907, when the defendant owner filed the following objections to the confirmation:  "Comes now defendant Firmin Q. Feltz and objects to the confirmation of sale heretofore made for the following reasons:  (1) The appraisal on which said sale was made was too low.  (2) Because no return was made to order of sale dated September 20, 1907.  (3) Because it does not appear that said property was offered twice for sale under the appraisement dated April 30, 1907, at which appraisal said property was appraised at $6,000.  (4) Because the appraisement on which said land was sold does not fix or appraise interest of Firmin Q. Feltz in property."  These being the only objections made in the court below, they are the only ones that can be considered here.

Objection No. 1 must fail for the reason that the objection was not made prior to the sale.  *Mills v. Hamer,* 55 Neb. 445.

Objection No. 2 must fail, as the record shows that a return of the order of sale, dated September 20, 1907, was made on December 19, 1907.  The fact that the return of sale was not filed until more than 60 days after its issuance by the clerk did not invalidate it.  *Amoskeag Savings Bank v. Robbins,* 53 Neb. 776.

Objection No. 3 must yield to the record, which shows that the property was offered twice for sale before any attempt was made to reappraise and sell the same.

Objection No. 4 must fail because the failure of the sheriff to appraise the interest of the owner of the property was without prejudice, for the reason that no deductions whatever were made from the total appraised value as fixed by the appraisers on the second appraisal.

When no deductions are made from the appraised value, there is no necessity for separately finding the value of the interest of the owner, as the value of such interest would necessarily be the same as the appraised value.

The objections taken by defendant being all without merit, the judgment of the district court is

AFFIRMED.