# WILLIAM N. MESSERVEY

## v.

# CHARLES H. BECKWITH.

1. DEFAULT — *within what time a motion must be made to set it aside.* A motion to set aside a default comes too late at a term subsequent to that at which the judgment was obtained.

2. PROCESS — *where the summons claims too small an amount of damages.* Where an *alias* summons in assumpsit, upon which service was had, claimed a smaller amount of damages than was claimed in the præcipe the original summons and the declaration, it was regarded a clerical error which the court, from which the writ issued, would correct on motion, before or after judgment.

3. The damages laid in the declaration is the limit of the plaintiff's recovery, and where a judgment by default was rendered upon service of such *alias* summons which claimed a less sum in damages than was laid in the declaration, and the judgment exceeded the amount claimed in the summons, but was less than the sum laid in the declaration, it was *held*, there was a simple variance between the declaration and the summons, which not being taken advantage of in the court below, could not on error.

WRIT OF ERROR to the Superior Court of Chicago; the Hon. JOSEPH E. GARY, Judge, presiding.

The opinion of the court states the case.

Mr. B. F. PARKS, for the plaintiff in error.

Messrs. TYLER & HIBBARD, for the defendant in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action of assumpsit in the Superior Court of Chicago, brought by Charles H. Beckwith against William N. Messervey, impleaded with Hiram Butterworth. The præcipe was filed and a summons issued, claiming damages for one thousand dollars. The declaration also claimed one thousand dollars damages. The summons was returned not served, whereupon an *alias* writ issued to Kane county, in which the damages claimed were one hundred dollars, which was duly served on

Messervey.   At the return term of the writ, Messervey not appearing or pleading, his default was entered and a judgment rendered against him for seven hundred and fifteen dollars and eight cents.

An execution having been issued on this judgment, Messervey, at the next ensuing term, entered his motion to stay execution, to set aside the default and vacate the judgment, and to allow him to plead.

This motion was founded on the affidavit of the physician of Messervey, stating that his family was so sick as to require his constant attendance at home, and that, as the writ claimed damages at one hundred dollars only, he preferred paying that sum to leaving his family ; that he owed the plaintiff nothing, and that he only knew of the judgment, when the execution was issued.   This motion was denied, and the case brought here by writ of error.

The errors assigned question all these proceedings.

The motion to set aside the default, having been made at a term subsequent to that at which the judgment was obtained, was properly denied, on the authority of the case of *Cook* v. *Wood et al.*, 24 Ill. 295, and cases there cited, and subsequent cases decided by this court.

It is insisted, by the plaintiff in error, that claiming in the summons but one hundred dollars damages, and obtaining a judgment for more than seven hundred dollars, was a fraud upon him, and should be set aside on motion.

It is very apparent, the præcipe, the original summons and the declaration, all claiming one thousand dollars damages, and the *alias* summons one hundred dollars, that this was a clerical error, which the court would correct on motion, before or after the judgment.   Scates' Comp. ch. 5, p. 252.

A party when served with process, is necessarily put upon inquiry, and it is his duty to inform himself of the nature of the claim against him, which the plaintiff in error had abundant opportunity of doing, as the summons was served upon him in July, and no judgment rendered until in September thereafter.

The rule in such cases is laid down by this court in *Thompson et al.* v. *Turner*, 22 Ill. 389.

That was a case like this, and we held that it was a variance, simply, between the declaration and summons, of which the defendants might have availed, they having been regularly served with process. Not having done so, they cannot, on error, take advantage of it. It is well settled, that the damages laid in the declaration is the limit of plaintiff's recovery. 1 Ch. Pl. 339. In this case, the damages were laid at $1,000, and the recovery for a less sum. Perceiving no error in the record, the judgment must be affirmed.

*Judgment affirmed.*