EUNICE BALDWIN, APPELLANT, V. WELLINGTON R. BURT
ET AL., IMPLEADED WITH. MARION G. ROHRBOUGH,
APPELLEE.

FILED MARCH 17, 1898.   No. 9646.

1. **Judicial Sales:** CONFIRMATION: JURISDICTION. A court, called upon
to confirm a sale pursuant to its decree directing such sale, dis-
covered that it had no jurisdiction to enter such decree against
the party resisting confirmation. *Held,* Not erroneously to have
refused confirmation.

2. **Order Quashing Summons:** DECREE. After the entry of a decree,
upon a showing that no service of the summons upon which the
decree was based had in fact been made, it was erroneous to quash
such summons upon a motion asking solely for that order.

APPEAL from the district court of Douglas county.
Heard below before KEYSOR, J.   *Reversed in part.*

The opinion contains a statement of the case.

*Duffie & Van Dusen* and *E. G. Thomas,* for appellant:

The district court has control of its own judgments
during the term, but this control ends with the term.
Thereafter the power to interfere in any manner with a
judgment entered must be exercised within the limits
prescribed by statute and governed by fixed principles
of law. (*Smith v. Pinney,* 2 Neb. 139; *Nuckolls v. Irwin,*
2 Neb. 60.)

An order of the district court quashing the service of
a summons cannot be reviewed by the supreme court be-
fore final judgment is rendered in the action. (*Standard
Distilling Co. v. Freyhan,* 34 Neb. 434; *Persinger v. Tinkle,*
34 Neb. 5; *Lewis v. Barker,* 46 Neb. 662.)

The judgment is conclusive until set aside. (*Kizer Lum-
ber Co. v. Mosely,* 56 Ark. 544; *Pettus v. McClannahan,* 52
Ala. 55; *Janes v. Howell,* 37 Neb. 320; *Osborn v. Gehr,* 29
Neb. 661; *Pilger v. Torrence,* 42 Neb. 903; *Hall v. Hooper,*
47 Neb. 111.)

The court had no jurisdiction to entertain the motion

to quash the return of service. (*Kohn v. Haas*, 12 So. Rep. [Ala.] 577; *Brewster v. Norfleet*, 22 S. W. Rep. [Tex.] 226; *Gillilan v. Murphy*, 49 Neb. 779; *Smith v. Pinney*, 2 Neb. 139; *Ganzer v. Schifflauer*, 40 Neb. 633; *McBrien v. Riley*, 38 Neb. 561; *McCann v. McLennan*, 3 Neb. 25; *Kemp v. Cook*, 18 Md. 130; *Bronson v. Schulten*, 104 U. S. 425; *Culter v. Button*, 53 N. W. Rep. [Minn.] 872; *Brown v. County of Buena Vista*, 95 U. S. 157; *Bissell v. New York C. & H. R. R. Co.*, 67 Barb. [N. Y.] 385.)

*Byron G. Burbank, contra:*

Marion G. Rohrbough was not in fact served with summons in this case and the court acquired no jurisdiction over him to enter a decree of foreclosure against him herein. The sheriff has no authority to sell his lot and the court has no authority to confirm the title thereto in the appellant.

The return of an officer of service of summons is not conclusive and may be shown by clear and satisfactory evidence to be untrue. (*Holliday v. Brown*, 33 Neb. 657, 34 Neb. 232; *Connell v. Gallagher*, 36 Neb. 749; *Wyland v. Frost*, 75 Ia. 210; *Randall v. Collins*, 58 Tex. 232; *Walker v. Lutz*, 14 Neb. 276; *Newlove v. Woodward*, 9 Neb. 502; *Meyers v. Le Poidevin*, 9 Neb. 535; *Frazier v. Miles*, 10 Neb. 109; *Prugh v. Portsmouth Savings Bank*, 48 Neb. 414; *Campbell Printing Press & Mfg. Co. v. Marder*, 50 Neb. 283.)

Rohrbough had the right to specially appear and object to the jurisdiction of this court over him. (*Cobbey v. Wright*, 23 Neb. 250; *Brown v. Rice*, 30 Neb. 236; *Enewold v. Olsen*, 39 Neb. 64.)

RYAN, C.

In this case the district court of Douglas county entered a decree of foreclosure against numerous defendants February 10, 1897. Among these defendants was the appellee, Marion G. Rohrbough, the owner of the north half of lot 28, in Griffin & Isaac's Addition,

Omaha.    Of this particular half lot it was provided in
said decree that an independent sale should be made, and
accordingly a sale of the same was advertised by the
sheriff of Douglas county to take place June 1, 1897.
After the adjournment of the February term of said dis-
trict court Marion G. Rohrbough gave notice to the plain-
tiff that on May 8, 1897, he would call up for hearing his
objection to the jurisdiction of the aforesaid court.    The
grounds of this objection were that said Rohrbough had
never been served with summons and had never appeared
in this case.    There was a motion to strike this objection
from the files, which motion was considered in connection
with the objection against which it was directed.

To an understanding of the questions involved in this
inquiry it is proper to state that the service of the sum-
mons challenged was returned as having been made on
Marion G. Rohrbough, August 14, 1891.    There was a
decree previous to that above noted, which original de-
cree was reversed by this court. (*Baldwin v. Burt*, 43 Neb.
245.) On the hearing of the objection to the jurisdiction
there was submitted evidence which satisfied the district
court that no service of summons had ever been made on
Rohrbough, and accordingly there was a finding supple-
mented by this language: "It is therefore ordered, ad-
judged, and decreed by this court that the said special ap-
pearance of the said Marion G. Rohrbough made herein
be, and hereby is, sustained; that the objection to the
jurisdiction of this court over the said Rohrbough be,
and the same is hereby, sustained, and that the pretended
service of summons herein upon the said Marion G. Rohr-
bough be, and the same is hereby, wholly quashed, set
aside, and held for naught, and of no force and effect."
The above recited proceedings were had May 28, 1897.
The half lot of Mr. Rohrbough, nevertheless, was, on
June 1, immediately thereafter bidden in by the plaintiff,
Eunice Baldwin, at the sheriff's sale, for $6,500.    June
25, 1897, there was served on the attorney of Rohrbough
a notice that on the day following there would be asked

23

a confirmation of the aforesaid sheriff's sale. To this confirmation Rohrbough interposed the following objections:

"1. That it was on the 28th day of May, 1897, finally adjudged and determined by said court that no service of summons was ever made upon him in this case in any manner whatsoever or at any time or place and that he has never appeared in this court in this case, and that this court has finally determined that this court has no jurisdiction whatsoever over him or his rights or property in this case.

"2. That this court is without jurisdiction of any kind or nature whatsoever over the said Marion G. Rohrbough or his rights or property, as shown by the decree quashing the service of summons against the said Marion G. Rohrbough now on file in this court in this case, and that this court is without jurisdiction to enter any final order or decree confirming the pretended sale of the real estate of the said Marion G. Rohrbough claimed to have been made by the said sheriff to the plaintiff herein, Eunice Baldwin, on the 1st day of June, 1897."

Upon the showing by sufficient evidence of want of jurisdiction as above alleged the motion for confirmation of the sale was overruled, and to this ruling we shall first direct our attention.

In *Parrat v. Neligh*, 7 Neb. 456, it was held by this court: "In a sale made under the authority of a decree in equity, the court is the vendor, and the commissioner making the sale is the mere agent of the court. The decree directs the sale of the property and the application of the proceeds to the payment of the debt, and is a sufficient warrant of authority to the officer to sell as directed in the decree." The views thus expressed find sanction in *Rector v. Rotton*, 3 Neb. 177; *Bachle v. Webb*, 11 Neb. 423; *Gregory v. Tingley*, 18 Neb. 318; *Burkett v. Clark*, 46 Neb. 466; *Johnston v. Colby*, 52 Neb. 327; *Amoskeag Savings Bank v. Robbins*, 53 Neb. 776. In the case at bar, when the court was called upon to confirm the sale conducted

under its supervision, it was disclosed by a defendant, expressly notified of the pending confirmation proceedings by the purchaser, that, as against the rights of such defendant, the court had never had any jurisdiction whatever. It is now insisted that the court, notwithstanding this condition of affairs, should have assumed that it possessed jurisdiction and, on that unwarranted assumption, should have confirmed the sale. If a confirmation had been ordered, a deed would have been issued to the purchaser, by virtue of which he might have executed a conveyance which would have clouded the title of the defendant not served with summons. Courts are not required to do vain things; neither are they required to assume to exercise a jurisdiction which they do not possess. It was held by this court in *Moore v. Boyer*, 52 Neb. 446, where the judgment defendant had paid to the clerk of the district court a sufficient sum to satisfy a decree before a sale thereunder, that because of such payment and satisfaction a confirmation of such sale, when made, had been properly denied. In *Webber v. Kirkendall*, 44 Neb. 766, the third paragraph of the syllabus is in this language: "The power to correct errors in their own proceedings is inherent in all courts of general jurisdiction, and in the exercise of that discretion they are governed not alone by this solicitude for the rights of litigants, but also by considerations of justice to themselves as instruments provided for the impartial administration of the law." We cannot say that the district court in refusing to confirm the sale committed error, and therefore its order in this regard is affirmed.

It does not result from this, however, that we must sanction the order quashing the summons of which service had been made and returned more than six years before. Of his own volition the defendant interposed objection to the jurisdiction of the court to render the judgment complained of, and moved that the court quash the summons upon which it had acted in rendering such judgment. At this time the summons was *functus officio*.

It is possible that the court may have been misled by this summons with the indorsed return of service thereon when it entered its decree, but this isolated fact, if such it was, was immaterial on the objection to jurisdiction, for the court had passed the point at which these evidences were to be examined as the basis of its judgment. From the time the decree was entered it became the evidence of the facts which it recited, subject, of course, to an attack upon it for want of jurisdiction; but such an attack could only be directed against the decree and not against the evidence upon which it depended for its validity. If in the further history of this case it becomes necessary to use the summons and the return thereon, this evidentiary matter should be considered for whatever it may be worth, and therefore the order quashing the same is reversed.

JUDGMENT ACCORDINGLY.

IRVINE, C., not sitting.

HARRISON, C. J.

I concur in the conclusions herein reached.

NORVAL, J.

I express no opinion.

RAGAN, C., concurring with RYAN, C.

1. Did the court err in quashing the officer's return of service of summons on the appellee? I think it did. The court which rendered the foreclosure decree had jurisdiction of the subject-matter of that suit, and the record on its face disclosed that the court had jurisdiction of Marion R. Rohrbough, a defendant in that suit, the appellee here. The order or decree of the district court quashing the officer's return on the summons is, in effect, an order vacating the foreclosure decree. It is true the court does not expressly say that the foreclosure decree is vacated or set aside, but precisely the same re-

sult follows from the order as if it was couched in those express terms. To say that the order under review is not one vacating the foreclosure decree is to disregard entirely the purpose and effect of the order. It is not a sufficient answer to say: "I did not throw down the roof of your house. It fell of itself. All that I did was to remove the walls from under it." When the court made the order under consideration quashing the officer's return the foreclosure decree fell of itself. This order quashing this officer's return on the defendant in the foreclosure suit was made at a term subsequent to the term at which the decree was rendered, and treating the order as one vacating the decree, the question is whether the order was erroneous. If the appellee had never been summoned in the foreclosure suit, if the return of the officer that he duly served the summons issued in that case for appellee on him was false, then the foreclosure decree, so far as it affects appellee, was irregularly obtained, within the meaning of subdivision 3, section 602, of the Code of Civil Procedure; and the district court, at a term subsequent to the term at which such decree was rendered, was vested with authority by sections 602 and 603 of said Code to vacate that decree on the motion of the appellee. But the court had no authority to set aside the foreclosure decree so far as it affected appellee until it had found and adjudged that he had a *prima facie* defense to the foreclosure action. (Code of Civil Procedure, sec. 606; *Thompson v. Sharp*, 17 Neb. 69; *Lander v. Abrahamson*, 34 Neb. 553; *Gilcrest v. Nantker*, 47 Neb. 58; *Western Assurance Co. v. Klein*, 48 Neb. 904; *Bankers Life Ins. Co. v. Robbins*, 53 Neb. 44, and cases there cited.) The court found that the return of the officer was false; that appellee had never been served with process, and that therefore the court rendering the foreclosure decree had no jurisdiction over appellee, and thereupon quashed that service and in effect vacated the foreclosure decree. But the district court neither found nor adjudged that the appellee had any defense of any character whatever

against this foreclosure action. Though the foreclosure decree was void as to appellee for want of the court's jurisdiction over him, the court did not have authority to vacate that decree at a term subsequent to its rendition until it found and adjudged that the appellee had a *prima facie* defense to the action in which the decree was rendered. The court therefore erred in quashing the return of the service of summons.

2. Did the court err in setting the sale aside? Certainly not. At the time the motion to confirm was made the record before the court disclosed upon its face that the decree upon which the sale was based had been set aside. The court then might of its own motion have set the sale aside. This does not conflict with *Roberts v. Robinson*, 49 Neb. 717, where it was held that a district court was not invested with discretion to arbitrarily set aside a judicial sale when it appeared that the sale had been fairly and regularly conducted and all provisions of the statute had been complied with. That decision is based on a construction of section 498 of the Code of Civil Procedure, but this section, while it neither authorizes nor directs a court to go out of the record before it for a reason for setting aside a sale, contemplates a valid decree. Furthermore, a motion to confirm a sale is, in effect, a challenge to all parties made liable by the decree or whose property will be taken or affected by the sale made thereunder to appear and show cause, if any they have, why such sale should not be confirmed; and I have not the slightest doubt but that a party whose property has been sold at judicial sale may, on motion to confirm such sale, appear and as a cause why the sale should not be confirmed show to the court that the judgment or decree, so far as he is concerned, is void because the return of the officer that he had served him with process is false in fact, and in such case I have no doubt the court might postpone the hearing of the motion to confirm and give the party objecting a reasonable time in which to take steps to vacate the decree by a motion or

petition under sections 602 and 603 of the Code, or by an independent suit in equity have the issues framed and tried; and if it resulted in a finding and judgment that the service was false and the decree therefore void, and that the objector had a *prima facie* defense to the action on which the decree was based, vacate the same, and this of course would vacate the sale made. In the case at bar the court had already found and decreed that the decree on which this sale was based was void as against Rohrbough. This finding and decree of the court was erroneous; but the learned district court thought it was right or it would not have made it, and it was obliged to consider it valid and act upon it until it was reversed. The finding and decree that the service was false and the foreclosure decree void were a part of the record in the case in which the sale was made and which the court was asked to confirm. In setting aside the sale, then, the court did not go out of its record.

3. It becomes necessary now to notice the theory as I gather it from the record of the eminent counsel who represents the appellee here. That theory seems to be that, where one is made defendant to a suit, summons issued for him which is never served, but which the officer returns duly served on him, he is thereupon adjudged in default and judgment rendered against him, and the term of court at which the judgment is rendered adjourns without day, such a defendant, at a subsequent term of the court, may disregard the provisions of sections 602 and 603 of the Code permitting him to file a motion or petition to vacate such judgment, and without filing a petition in equity to vacate the judgment, may appear specially and show the court that the judgment against him is void because the return of the officer is false, and upon the court's finding that issue in his favor, and without any other finding whatever, quash the service in the record and thereby in effect vacate the judgment. This theory is as ingenious as it is dangerous, and is, I am persuaded, a practice not in force in this state, if it is in

any other.   Even in states where the old common-law
practice prevails the uniform holding is that a motion to
set aside a default comes too late when made at a term
subsequent to the one at which the judgment is rendered,
and that at a term subsequent to the term at which a
judgment was rendered the courts have no authority to
set aside a judgment rendered by default.   The party's
remedy then is by a suit in equity to vacate the judg-
ment.   (*Cook v. Wood*, 24 Ill., 295; *Messervey v. Beckwith*,
41 Ill. 452; *Scales v. Labar*, 51 Ill. 232; *Kohn v. Haas*, 12
So. Rep. [Ala.] 577; *Kizer Lumber Co. v. Mosely*, 20 S. W.
Rep. [Ark.] 409.)   The principles upon which these
cases rest are that the application to set aside a default
is one which invokes the equity powers of the court
which rendered the judgment, and that after the adjourn-
ment without day of the term of court at which a judg-
ment is rendered, the discretionary power of the court
over that judgment ceases; and from that time the judg-
ment can only be vacated or modified by appellate pro-
ceedings, or by an independent suit in equity by motion
or petition filed in accordance with some provision of the
statute or Code.   This is the rule practiced in the state
of Ohio, from which state we borrowed sections 602, 603,
and 606 of our Code.   (*Huntington v. Finch*, 3 O. St. 445;
*Myres v. Myres*, 6 O. St. 221; *Hettrick v. Wilson*, 12 O. St.
136.)   It is likewise the practice in force in this state.
(*Smith v. Pinney*, 2 Neb. 139; *Carlow v. Aultman & Co.*, 28
Neb. 672; *Smithson v. Smithson*, 37 Neb. 535; *McBrien v.
Riley*, 38 Neb. 561; *Ganzer v. Schiffbauer*, 40 Neb. 633.)
As sustaining the practice which the counsel for the
appellee has adopted in this case he cites *Porter v. Chicago
& N. W. R. Co.*, 1 Neb. 14; *Cleveland Co-Operative Stove Co.
v. Grimes*, 9 Neb. 123; *Cleghorn v. Waterman*, 16 Neb. 226;
*Cobbey v. Wright*, 23 Neb. 250; *Brown v. Rice*, 30 Neb. 236.
But in none of these cases was the motion to quash the
service of summons made after judgment and after the
adjournment of the term of court at which the judgment
was rendered, and I am aware of no case which holds

that it is the proper practice to quash the service of a summons after judgment and after the adjournment of the term of court at which the judgment was rendered, and thereby vacate the judgment or decree without a finding and an adjudication that the party seeking to have the summons quashed had some defense to the action on which the judgment vacated was based. Our practice is prescribed by the Code, and in the respect under consideration follows closely the equity rules of the old chancery courts that he who seeks equity must do equity and that the court will not do a useless thing. And though a judgment has been rendered against a defendant without service upon him, the courts will not do the unnecessary thing of setting that judgment aside when the defendant had no defense to the cause of action on which the judgment was based.

SULLIVAN, J.

I agree to the conclusion reached, but not to all that is said in either of the foregoing opinions. The order quashing the service was erroneous because it was, in legal effect, a vacation of the decree, accomplished in an unauthorized manner. Confirmation of the sale was properly refused only because the erroneous order quashing the service had extinguished the officer's authority to make the sale.