### HALL et ux. v. JENSON, Rec.

No. 16969—Opinion Filed Sept. 14, 1926.

#### Judgment—Process—Default Judgment — Sufficiency of Summons and Return.

Plaintiff sued defendants on two promissory notes and caused summons to be issued April 18, 1925, returnable April 28th, fixing answer date May 20, 1925. According to the record, this summons was served on April 18, 1925, and in all respects is regular upon its face and without jurisdictional defects. Defendants made no appearance under this summons. On May 7, 1925, plaintiff caused another summons to be issued in said cause against said defendants, returnable May 12th, and answer date

fixed June 2, 1925. This summons was served on same date issued, and on May 16, 1925, defendants filed motion to quash second summons and return on the ground that first summons did not show lack of service as required by section 237, C. S. 1921, and there was no order of court for said alias summons. This motion was sustained by the court June 1, 1925, and thereupon plaintiff asked for default judgment, and defendants asked leave of court to file motion to quash the first summons and its return on ground same were defective. The court overruled defendants' request and rendered judgment for plaintiff. Held, the ruling of the court is, upon the face of the record, without error.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Cimarron County; Arthur G. Sutton, Judge.

Action by C. D. Jenson, receiver of First National Bank of Boise City, against H. B. Hall and Alice Hall. Judgment for plaintiff, and defendants appeal. Affirmed.

E. B. McMahan and Chas. R. Alexander, for plaintiffs in error.

I. E. Hill, for defendant in error.

Opinion by THREADGILL, C. This case presents a lawsuit in which the plaintiff, receiver of an insolvent national bank, filed his petition on April 18, 1925, stating that the defendants, plaintiffs in error herein, were indebted to said bank in the sum of $3,033.60 and attorneys' fees in the sum of $303.36, as evidenced by two promissory notes, one for $1,670, and the other for $1,000, and interest amounting to $363.60, for all of which he prays judgment.

On the same day the petition was filed, a summons was issued and served on the defendants. This summons was made returnable on April 28, 1925, and answer date fixed May 20, 1925. Thereafter, on May 7, 1925, another summons was issued and served on same defendants. This summons was made returnable on May 12, 1925, and answer date fixed for June 2, 1925. There was no objection made to the first summons and no response thereto by defendants. On May 16, 1925, defendants filed a motion to quash the second summons, and the return of the sheriff on the ground that the first summons did not show it was not served as required by section 237, Compiled Statutes 1921, this being the only condition authorizing the clerk to issue an alias summons unless directed by the court so to do. On June 1, 1925, this motion was heard by the court and sustained. There-

upon, in open court, plaintiff asked for judgment by default, and the defendants asked leave of court to file a motion to quash and set aside the first summons on the ground that it was defective. The court sustained the request of plaintiff for a default judgment and overruled defendants' request for leave to file motion to quash summons and the sheriff's return thereon. From this judgment, defendants have appealed by petition in error and case-made.

Defendants contend that the court erred in overruling their request to file a motion to quash the first summons and the return. To support this contention they invoke the general rule:

"That a litigant has the right to appear specially and object to the jurisdiction of the court over his person." Citing C. J. vol. 4, p. 1324, and cases thereunder stated, including Aggers v. Bridges, 31 Okla. 617, 122 Pac. 170.

There is no question but what the rule involved is the law of this country and of this state. But the question arises as to whether or not this rule is applicable to the facts in this case. The summons complained of was regular upon its face, as was the sheriff's return. The answer day was May 20, 1925. The sheriff's return shows that both defendants were served in Cimarron county April 18, 1925. Defendants, in their motion and special appearance to quash the second summons, after reciting the fact that the first summons was issued, according to the copy attached to the motion, and after copying the return of the sheriff and the orders and figures of the filing by the clerk, state:

"That after the said summons was issued, served, and so returned by said sheriff, and, to wit, on the 7th day of May, 1925, 19 days after the said above described summons was issued by said court clerk, a second or an alias summons was issued," etc.

—clearly admitting that the summons was issued, served, and returned as the record shows. They contended in their motion that the second summons was invalid. The court sustained the motion to quash the summons and its return. This left the first summons in full force and effect and defendants in default of an appearance under it. It will be observed that it was 11 days after the answer day fixed in the first summons when the court passed on defendants' motion to quash the second summons and sustained it; then it was that plaintiff asked

for the default judgment, under the first summons, and defendants asked leave to file motion to quash the first summons and its return on the ground that it was defective. The record does not show in what particular this summons and return were defective. If the defect was, in fact, lack of jurisdiction of the persons of the defendants, such defect could have been pointed out and taken advantage of at any time by special appearance and motion for that purpose, but not in the manner presented by this record. In the Aggers Case, supra, it is stated in the syllabus:

"The defendants appeared specially and moved to quash the publication notice on the ground that such time should not be less than 41 days. This motion was overruled. Held, to be reversible error."

The facts in this case, cited by defendants to sustain their contention, are not similar to the facts of their case. In the Aggers Case the defendant points out in his motion the defect relied upon for his contention, but in this case there is no showing as to what the defect was, and upon the face of the record there was none.

Defendants in their brief and argument assume that the defect in the service of the summons was jurisdictional and consisted of a false return of the sheriff as to the services made on the defendants, and they cite many authorities to support the contention that they had the right to show this defect by motion and evidence as to the true facts in the case, but this court cannot consider assumptions for facts. There is no record showing the facts assumed and stated by defendants in their brief, and therefore nothing to apply the law to so cited and quoted by them. If there was no service of the summons on the defendants, the judgment rendered against them is void, and they can raise this question of jurisdiction at any time by proper application (Okla. Stockyards Nat. Bank v. Pierce, 114 Okla. 25, 243 Pac. 144) unless they have waived it by general appearance.

The judgment of the trial court is hereby affirmed.

By the Court: It is so ordered.

Note.—See 33 C. J. p. 1095, § 53.