## SCHUMAN v. JOSEPH H. COHEN & SONS, VANITY CLOTHES, Inc.

No. 21274.    Oct. 24, 1933.

Rehearing Denied Nov. 14 1933.

Carlton & Tankersley, for plaintiff in error.

Pierce, McClelland & Kneeland, for defendant in error.

McNEILL, J. This appeal involves the authority of the clerk of the district court to issue an alias summons without an order of court when the return to the original summons used the following language: "Not found in my county."

The defendant in error, hereafter called the plaintiff, on August 12, 1929, filed its petition in the district court of Pottawatomie county, in which it prayed judgment against the plaintiff in error, hereafter called the defendant, in the sum of $589 upon an account. On said date a praecipe for summons was filed, and in pursuance thereof a summons for the defendant was issued directed to the sheriff of said county. On August 17, 1929, the summons was returned with a notation as follows: "The within named Jos. M. Schuman not found in my county." On August 23, 1929, a praecipe for alias summons was filed and on said date a summons for the defendant was issued directed to the sheriff of Pottawatomie county. This alias summons was duly returned showing service upon "Defendant Jos. M. Schuman, personally August 24, 1929." Thereafter, on October 5, 1929, the defendant not having appeared, judgment was rendered against him in the sum of $606.64. October 8, 1929, an execution was issued upon said judgment. On October 17, 1929, the defendant filed a motion to vacate the judgment on the ground:

"That said alias summons is null and void for the reason that no order of court

was made directing that said alias summons issue, all as provided by law."

On the same day the defendant filed a motion to recall the said execution until said motion to vacate said judgment could be heard. On October 16, 1929, the court made an order directing the sheriff to return said execution without levying the same. On October 26, 1929, an order was entered overruling the motion to vacate the judgment, and from such order this appeal is prosecuted.

The defendant contends that the alias summons issued without an order of the court was null and void; that the judgment rendered against the defendant on such void service is also wholly void; and that the court committed reversible error in not sustaining the motion to vacate said judgment.

Section 237, C. O. S. 1921, section 170, O. S. 1931, provides:

"When a writ is returned 'not summoned' other writs may be issued, until the defendant or defendants shall be summoned. * * *"

The defendant does not contend that a court clerk is without authority to issue an alias summons when the original has been returned "not summoned," but contends that in this case the clerk was without authority to issue the alias summons for the reason that the original summons was not returned "not summoned," and that the return, "not found in my county," is not the equivalent of the expression "not summoned," as used in the statute.

There is nothing in aforesaid section of the statute, nor is there any other statutory provision, that requires the sheriff to indorse upon the summons the identical language used in said section 237, supra, namely, "not summoned," in those cases where service cannot be had upon the defendant. The summons was directed to the sheriff of Pottawatomie county, and service thereof could only have been made in that county, and the statement of the sheriff in his return that the defendant was "not found in my county" was equivalent to stating that the defendant was "not summoned."

In support of his contention the defendant cites the cases of Oklahoma State Bank of Ada v. Reed, 121 Okla. 103, 247 P. 402. Keaton v. Taylor, 114 Okla. 167, 245 P. 56; Hall v. Jenson, Rec., 119 Okla. 175, 249 P. 310. These cases do not support the defendant's contention. In the case of Oklahoma State Bank of Ada v. Reed, supra, the court merely held that, where the original summons was duly served on the defendant in the action, there was no authority for the clerk to issue an alias summons. The record in that case showed service on the defendant, while the record in this case shows that the defendant was not found, and consequently there was no service. In that case the court said:

"We shall not extend the power of the clerk to issue an alias summons when the original summons is in all respects in proper form and duly issued as per the praecipe and duly served by the officer to whom directed. We think the rule succinctly announced in 32 Cyc. 446, governs:

"'The court has inherent power to award such further process, but the clerk has no such authority to issue it, without an order from the court, in the absence of statute. In order that an alias summons may be issued under statutory authority it must be shown that the conditions imposed by the statute exist.'

"Under section 237, C. O. S. 1921, the condition imposed for an alias summons is that the original summons shall be returned 'not summoned.' That was not true in this case, for the original summons issued to the sheriff of Grady county was in due form, was duly served upon the defendant Reed, and he was in court, if at all, by reason of such summons."

The case of Keaton v. Taylor, supra, is clearly against the contention of the defendant. In that case it was said:

"The original summons was not returned 'not summoned,' as provided in section 237, Comp. Stat. 1921. It was not filled out at all and did not even purport to have been served on the defendant. Under such circumstances, the original summons and any service thereof was a nullity in so far as service is concerned. This being the case, the clerk was authorized to issue the alias summons issued, and it was really the original summons in the case."

The case of Hall v. Jenson, supra, does not sustain the position of the defendant.

In that case the sheriff's return showed proper service of the original summons, and without the authority of an order of court the clerk issued an alias summons. This court held that, under the provisions of said section 237, C. O. S. 1921, as the original summons was not returned "not served," the alias summons was invalid.

The judgment is affirmed.

The record also discloses that the defendant, plaintiff in error herein, Joseph M. Schuman, as principal, and F. L. Schuman, as surety, executed and filed a supersedeas bond in this case in the sum of $1,250,

conditioned that said defendant pay to the plaintiff, the defendant in error herein, the amount of the judgment and costs in case the judgment against him is affirmed.

The defendant in error moves for judgment on said supersedeas bond. The motion is sustained and judgment is entered in favor of defendant in error against said Joseph M. Schuman and F. L. Schuman for the sum of $606.64, with interest at the rate of six per cent. per annum, from October 5, 1929 until paid, and all costs, for all of which let execution issue out of the trial court.

RILEY, C. J., and SWINDALL, ANDREWS, OSBORN, and BAYLESS, JJ., concur. CULLISON, V. C. J., and BUSBY and WELCH, JJ., absent.