## EQUITY SAVINGS & LOAN CO v SCHWARTZ et

Ohio Appeals, 8th Dist, Cuyahoga Co

No 16318. Decided Nov 22, 1937

Griswold, Green, Palmer & Kapp, Cleveland, for plaintiff-appellee.

Elmer I. Schwartz, Cleveland, for defendants-appellants.

GUERNSEY, CROW and KLINGER, JJ, (3rd Dist) sitting by designation.

## OPINION

By GUERNSEY J.

On July 18, 1935, The Equity Savings & Loan Company as plaintiff, filed its petition in the Court of Common Pleas of Cuyahoga County, Ohio, against the defendants, Jacob Schwartz and Rose Schwartz, husband and wife, and John J. Marks, as defendants, to recover from the said Jacob Schwartz and Rose Schwartz, the amount due from them to said company on a certain promissory note, and for the foreclosure of a certain mortgage on real estate owned by them executed by them to said company to secure the payment of such note, and to require the said John J. Marks to answer and set forth whatever claim he might have in or on said mortgaged premises or be forever barred from asserting the same.

Summons on said petition was, on July 20, 1935, served on each of the persons named as defendants therein.

On November 25, 1936, leave was granted to the plaintiff to file amended petition instanter, and make new parties defendant and on the same day an amended petition was filed and summons issued for certain of the defendants named therein but no summons was then or thereafter issued for or served on the defendants, John Schwartz and Rose Schwartz on said amended petition, and it does not appear from the transcript of docket and journal entries that notice of the filing thereof was given to the defendants, Jacob Schwartz and Rose Schwartz.

The amended petition incorporated all the allegations of the original petition, and in addition thereto contained certain allegations as to other persons claiming liens on said real estate and praying for relief as to them, but the relief sought against the defendants Jacob Schwartz and Rose Schwartz was the same as in the original petition.

Neither the defendant, Jacob Schwartz nor the defendant Rose Schwartz filed any pleading to either the original petition or amended petition.

On February 1, 1937, after certain of the new defendants had filed their pleadings therein, said cause was referred to George H. Martin who was appointed referee to try the issues of fact and law and report his findings of fact and conclusions of law to the court.

On February 25, 1937, said referee made his report of his findings of fact and conclusions of law and the cause came on for hearing on such report and there being no exception thereto the court confirmed the same and approved the findings therein as the findings of the court.

The case then came on for hearing on the pleadings and the evidence and the statement of counsel, and judgment and decree of foreclosure was rendered in favor of the plaintiff and against the defendants, Jacob Schwartz and Rose Schwartz as prayed for in both the original petition and the amended petition of plaintiff, and the court also made certain findings and decree with reference to the claims of certain other defendants as to liens on the mortgaged premises.

On April 29, 1937, the defendants, Jacob Schwartz and Rose Schwartz by their attorney filed their motion in said cause to vacate the decree entered on February 25, 1937, upon the ground that said defendants had not received service upon the amended petition nor notice of the filing thereof reciting in said motion that they specially appeared for the special limited purpose of the motion. On May 18, 1937 this motion was overruled.

On the same day, on the oral motion of the defendants, Jacob Schwartz and Rose Schwartz, a stay of proceedings under the decree of foreclosure and sale made on February 25, 1937, was granted pursuant to the provisions of §11588 GC.

On June 4, 1937, the defendants, Jacob Schwartz and Rose Schwartz, filed their notice of appeal in the Common Pleas Court which omitting the formal parts, is in the form reciting:

"Appellants, Jacob Schwartz and Rose A. Schwartz, hereby give notice of appeal on questions of law from the rulings of the court.

"The court erred in the following respects:

"1. The court erred in entering decree against the appellants.

"2. The court erred in overruling appellant's motion to vacate the decree for plaintiff."

No bill of exceptions of the proceedings had by the referee and no bill of exceptions of the proceedings had by the court resulting in the entry of judgment and decree of foreclosure on February 25, 1937, is filed herein, and no bill of exceptions of the proceedings had by the court on the motion to vacate said decree filed April 29, 1937, is filed herein.

The judgment and decree of February

25, 1937 was a final judgment and order determining the merits of the case, from which an appeal would lie. And the orders made subsequent thereto were only incidental thereto and did not serve to prolong the time in which an appeal from such judgment and decree could be taken.

Under the provisions of §12223-7 GC, the period of time after the entry of the order, judgment, decree, or other matter for review within which the appeal shall be perfected, unless otherwise provided by law, is, in appeals to Courts of Appeals, within twenty (20) days. There is no other provision of law for any different limitation of time for appeals of the character involved in the case at bar.

As the notice of appeal from the judgment and decree of February 25, 1937, was not filed until June 4, 1937, a period of more than three months after the entry of the judgment and decree sought to be appealed from, such appeal was not perfected within the time limited by law and is without authority in law and will be dismissed for this reason.

This leaves for consideration the appeal from the order overruling the motion of the defendants Schwartz to vacate the decree of February 25, 1937.

In the absence of a bill of exceptions affirmatively showing that the court erred in overruling such motion, the court will be presumed to have had before it such facts as would justify it in making the order it made. The mere fact that summons was not served on the amended petition, or notice of the filing thereof given to the defendants, as charged in the motion to vacate would not preclude the court from overruling the motion to vacate, as, in the absence of a bill of exceptions, it will be presumed that if the court did not have jurisdiction to enter the judgment it entered by virtue of the summons issued on the original petition, facts were before it on the hearing of said motion warranting a finding that it acquired such jurisdiction over the defendants, Jacob Schwartz and Rose Schwartz through their participation in the trial of said action or otherwise entering their appearance therein and subjecting themselves to the jurisdiction of the court to enter the decree it did enter.

Applying this presumption the order over-

ruling the motion to vacate the decree, will be affirmed. Exceptions.

CROW and KLINGER, JJ, concur.