# STATE TAX COMMISSION v. LARSEN et al.

No. 6240.  Decided February 18, 1941.  (110 P. 2d 558).

*Moyle & Moyle,* of Salt Lake City, for appellant.

*Alvin I. Smith, Grant A. Brown, Garfield P. Anderson and Richard L. Byrd, Jr.,* all of Salt Lake City, Attorneys for plaintiff and respondent.

MOFFAT, Chief Justice.

This is an appeal taken from the order denying a motion to vacate, set aside and quash an alleged or pretended service of summons after a default judgment had been entered.

The action was brought by the State Tax Commission against Archie L. Larsen and Lee H. Whitlock, a partnership, as indicated by the caption of the complaint. The

return shows a summons was served on Archie L. Larsen, together with the complaint, on the 19th day of August, 1936. The complaint was filed on August 21, 1936. In the complaint, there is no allegation of a partnership existing between the two defendants. The complaint alleges the defendants were doing "business under the name and style of Whitlock and Larsen Motor Company." On September 23, 1936, the default was entered and default certificate filed by the clerk and another was entered as against the same defendants, a partnership, on November 13, 1936. The certificates state that Archie L. Larsen and Lee H. Whitlock, a partnership, have been served with process and have failed to appear and that time for answering has expired. November 17, 1936, judgment was entered. Nowhere in the record does it appear that Lee H. Whitlock had been served with summons up to this time. The judgment stated that the partnership had been served and that "Archie L. Larsen and Lee H. Whitlock, a Partnership," had failed to appear and answer. Execution was issued against the property of the partnership on November 19, 1936. The return on the execution stated that no property of the partnership had been found.

On the 17th day of December, 1936, a summons was left at the office of Lee H. Whitlock stamped as served on Archie L. Larsen, however, the return, executed by the deputy sheriff, stated that Lee H. Whitlock, one of the partners of a partnership was personally served on the 17th day of December, 1936.

March 8, 1938, a default certificate was filed by the clerk which stated that defendant "Lee H. Whitlock, individually had been served with process and had failed to appear and answer." Judgment was entered against Lee H. Whitlock and Archie L. Larsen on the 9th day of March, 1938, and against each of the defendants individually.

On the 8th day of March, 1939, Lee H. Whitlock appeared specially by attorneys and filed a motion to vacate, set aside and quash the alleged or pretended summons upon

Lee H. Whitlock, for the reason that said summons had not been served upon him personally or at his usual place of abode, with some suitable person or any place or in any manner or way and that the return of summons filed on December 24, 1936, signed by the deputy sheriff, stating that summons was served on December 17, 1936, is wholly false as no service was made upon Lee H. Whitlock on December 17, 1936, or any other date prior or subsequent thereto. These facts were supported by and presented in the form of an affidavit.

A hearing on the motion was held on the 5th day of May, 1939. Evidence was introduced, over the objection of counsel for the Tax Commission, to the taking of the "testimony that is going to be taken with respect to this motion, as it is our contention that the court should not hear this motion at this time, and it is entirely out of place." This objection was not well taken.

The uncontradicted testimony showed that the defendant Lee H. Whitlock was in California at the time of the purported service of summons, that the secretary in the office where he was working at Salt Lake City notified him by long distance telephone that an envelope had been left there from the sheriff's office, that she opened the envelope and read the contents to him, that she was at that time in his office at 212 South Main Street, Salt Lake City, Utah, that he advised the secretary to take the envelope and contents to his attorney and that upon his return from California his counsel advised him that it was not a summons upon him. Counsel further advised him it was against a partnership and not directly against him and that it purported to be a summons served upon Larsen. Later he was met by the sheriff on the street of Roosevelt, Utah, and was advised of the judgment against him and that there had been an execution issued.

The motion of Lee H. Whitlock to vacate, set aside and quash the summons was denied. This appeal was taken from the order of the court denying the motion.

The appeal raises two questions:

"1. Is the order denying a restrictive motion to quash service of summons an appealable order?

"2. Will a motion restricting itself to the sole purpose of quashing service of summons properly lie after judgment?"

The denial of a motion to quash service of summons prior to the entering of judgment is not an appealable order. *Klepper* v. *Klepper*, 51 Nev. 145, 271 P. 336; *Honerine Mining & Milling Co. et al.*, v. *Tallerday Steel Pipe & Tank Co. et al.*, 30 Utah 449, 85 P. 626; *Ryan* v. *Davenport*, 5 S. D. 203, 58 N. W. 568; *Salmons* v. *Rugyeri*, 103 N. J. L. 596, 137 A. 568.

After judgment, the defendant may move to quash the summons and thereby leave the judgment without foundation to fall of its own infirmities, or, the defendant may move to vacate the judgment for want of jurisdiction based upon lack of proper service of summons. The making of either motion should not be treated as a general appearance. The purpose of either motion is essentially the same—that is to invalidate the judgment. Upon the hearing of either motion if the judgment is valid, notwithstanding lack of service of summons, such validity may be shown.

In the case at bar, the defendant attacks the purported service of summons made upon him after judgment had been entered. This motion is brought in the same action and is a direct attack upon the jurisdiction of the court and based upon that jurisdiction the judgment was entered. *Intermill* v. *Nash*, 94 Utah 271, 75 P. 2d 157. If the court were without jurisdiction the judgment of necessity must fall. Where there is no service of summons the judgment is void. This is not a voidable judgment and the question of jurisdiction may be raised at any time, by proper application, unless it has been waived by general appearance. *Hall* v. *Jenson*, 119 Okl. 175, 249 P. 310.

There is no contention made that the service of summons made was a valid service. An objection was made to the introduction of the testimony upon the grounds that this was not a proper approach to the attack upon the judgment. There is no obligation upon one not served with summons to have the judgment set aside. Without service no valid judgment may be entered against him. A special appearance is proper and in order. The motion made was a proper attack upon the jurisdiction of the court. The motion being proper, the introduction of the evidence was proper.

It would appear that the anomalous situation then arises of the defendant contending in one breath that the judgment is void and in the next breath arguing that the motion to quash the service of summons is proper because judgment has been entered and the matter as between the parties has been finally disposed of in this litigation. Any motion or judgment that finally disposes of the case as to all parties and of the subject matter of the litigation is an appealable order. *North Point Consolidated Irrigation Company* v. *Utah & S. L. Canal Company*, 14 Utah 155, 46 P. 824; *Attorney General of Utah* v. *Pomeroy*, 93 Utah 426, 73 P. 2d 1277, 114 A. L. R. 726.

In the case at bar there is an attack on the jurisdiction of the court by the motion to quash the purported service of summons. A void judgment incidentally falls upon the determination that there was not a proper service Without an attack a void judgment would upon its face stand as a valid default judgment. The motion to quash the service of summons was properly taken and the trial court erred in denying said motion. The ruling of the trial court is reversed. The case is remanded to the trial court with instructions to grant the motion to quash the service of summons. Such is the order.

Costs to appellant.

LARSON and PRATT, JJ., concur.

McDONOUGH, Justice (dissenting).

I am of the opinion that the restrictive motion to quash service of summons after judgment either will not lie (see *Gregg* v. *Seawell*, 85 Okl. 88, 204 P. 908; *Dannenburg* v. *Powers*, 182 Okl. 404, 77 P. 2d 1142; *Baldwin* v. *Burt*, 54 Neb. 287, 74 N. W. 594), or if it may be entertained, then a ruling thereon is not an appealable order. In the latter instance the moving party, before he is entitled to review here of such order, must take the next step and move to set aside the judgment. The making of such motion, if restricted to jurisdictional grounds, would not constitute a general appearance. 3 Am. Jur., Appearances, § 22, p. 795.

The attack made by the party against whom the judgment is taken should be on the judgment, not upon one of the procedural steps preliminary thereto, before he is permitted to question in this court the correctness of the ruling thereon. This because the plaintiff should be able to show, in a proceeding before the lower court, the validity of the judgment despite the lack of proper service of summons. It should be open to him to show that the moving party had waived services of summons by general appearance or otherwise. If laches of the moving party would be available to defeat the motion—a contention by defendant to such effect being made in its brief though the question is not before us and I express no opinion thereon—then defendant should be permitted to avail himself thereof.

True, in the instant case the judgment recites that the default of the defendant was entered after service of summons and failure of the defendant to answer or otherwise appear. But the issue raised by the motion to quash the service of summons supported by affidavits in denial of the recitals in the return of the process server was the simple one of whether the summons was in fact served on the defendant. The evidence, consequently, would be confined to such issue, unless the motion were enlarged by construction to include the setting aside of all proceedings subsequent to the purported service. If, pursuant to the restric-

tive motion as made, the court below had made a finding in favor of defendant in response to the issue tendered, viz., that the defendant had not been served with summons, and based upon such finding had granted the motion, should the court subsequently set aside the judgment on its own motion, on the theory that the foundation of such judgment being taken away it cannot stand? If so, the plaintiff would not—unless he could initiate proceedings thereafter to that end—have his day in court on the other issues relative to the validity of the judgment, adverted to hereinabove.

The opinion states that "upon the hearing of either of such motions after judgment, the opposing party should be permitted to show such facts as are available and as he desires to validate the judgment in spite of a lack of proper service." If by this is meant that wherever a motion to quash service is made after judgment it is to be construed as a motion to set aside not only the service of summons but all proceedings subsequent thereto, thus expanding it to admit evidence relative to the validity of the judgment, I can see no substantial objection, unless it be in the instant case, that such is not what the respondent intended by his motion. If such be the holding of the main opinion, however, the order should not be simply one of reversal with instructions to grant the motion. The trial court should also be directed to further proceed after granting such motion and permit the defendant to introduce such evidence relative to the validity of the judgment as may be material and relevant thereto and to enter an order in effect setting aside or refusing to set aside the judgment.

WOLFE, Justice (dissenting).

I concur in the views expressed by Mr. Justice McDON-OUGH in his dissenting opinion.