HINMAN, JR., ADMR., APPELLEE, *v.* EXECUTIVE COMM. OF THE COMMUNISTIC PARTY OF THE UNITED STATES OF AMERICA, APPELLANT.

(No. 3509—Decided October 28, 1942.)

*Messrs. Smoyer, Kennedy, Smoyer & Vogel,* for appellee.

*Mrs. Thelma C. Furry,* for appellant.

DOYLE, P. J. A petition for a declaratory judgment was filed in the Probate Court of Summit county

by Ithamar B. Hinman, Jr., administrator w. w. a. of the last will and testament of his father, in which the plaintiff alleged "that a controversy has arisen in regard to the construction to be placed upon * * * item three [of the will] respecting the right and capacity of the Executive Committee of the Communistic Party in the United States of America, located in the city of New York, state of New York, to take as beneficiary and devisee * * *."

Item three of the will, which will had been admitted to probate, is in the following language:

"All the rest and residue of my property, including the remainder in the real estate devised by the preceding item, * * * I give, bequeath and devise to the Executive Committee of the Communistic Party in the United States of America, located in the city of New York, and state of New York, with the proviso that the property be reduced to money by my executor, and the proceeds paid over to said Executive Committee."

Constructive service by publication was commenced under Section 11292, General Code. This code section provides in part:

"Service may be made by publication in any of the following cases:

"* * *

"6. In an action by an executor, administrator, guardian, or trustee seeking the direction of the court respecting the trust or property to be administered and the rights of the parties in interest, when the defendant is not a resident of this state or his place of residence can not be ascertained;

"* * *"

This section is under the title "Procedure in Common Pleas Court," but it is likewise applicable to the Probate Court under the following authority:

"Section 10501-24. Except as to persons under dis-

ability, all service of summons in the Probate Court shall be in the same manner as in the Court of Common Pleas.''

The transcript of docket entries shows the following:

''Sept. 12, 1940. Petition filed; affidavit for service by publication filed.

''Oct. 22, 1940. Proof of publication of notice filed; copy of Akron Beacon Journal mailed to the executive committee Communistic Party, 35 E. 12th St., New York, N. Y.

''Oct. 24, 1940. Proof of publication of notice filed.

''Dec. 6, 1940. Cause heard, judgment entered.''

The notice required by statute was published on September 13th, 20th and 27th, and on October 4th, 11th and 18th.

From this transcript there appears a failure to deliver copies of the publication to the clerk for transmission to the defendant, etc., ''immediately after the first publication,'' in compliance with Section 11294, General Code:

''When in a case in which service may be made by publication, the residence of the defendant is known, it must be stated in the publication. *Immediately after the first publication,* the party making the service shall deliver copies thereof, with the proper postage, to the clerk of the court who shall mail a copy to each defendant, directed to his place of residence named therein, and make an entry thereof on the appearance docket * * *.'' (Italics ours.)

On December 6, 1940, the court entered a journal entry, the pertinent parts of which are:

''The court finds that the Executive Committee of the Communistic Party in the United States of America has been made party defendant to this proceeding and that *due and lawful service has been made upon*

*it by publication* for six consecutive weeks in the Akron Beacon Journal, a newspaper of general circulation within Summit County, Ohio, which publication the court finds to be in conformity to law, and the same is hereby approved. The court further finds that the defendant, the Executive Committee of the Communistic Party in the United States of America, is *in default for the filing of an answer or other pleading herein,* and that the allegations of the petition are, therefore, confessed by it to be true. Upon careful consideration of the *petition, the evidence adduced and the statements of counsel,* the court finds * * * that the Executive Committee of the Communistic Party in the United States of America, located in the city of New York and state of New York, is without capacity to take as beneficiary, or otherwise, under item three of the * * * will * * *, and by reason thereof is not entitled to share in said estate. The petitioner administrator is directed to administer said estate and to make distribution of its assets free from any right or claim of the Executive Committee of the Communistic Party in the United States of America, * * * who are by this judgment forever barred from any interest therein as beneficiary or otherwise." (Italics ours.)

On August 2nd of the following year—1941—and at a subsequent term of court, there was filed in the case a motion entitled "motion to quash service." It appears in the following language:

"Now comes the Executive Committee of the Communistic Party in the United States of America without submitting itself to the jurisdiction of the court *and only and solely to quash the pretended service on this defendant* * * * and moves that the attempted service by publication be quashed and declared insufficient in law." (Italics ours.)

After a lapse of time, during which counsel for the Communist Party was ordered to prove her capacity to act for the party, and other matters not important to this decision, the court sustained a motion made by the plaintiff to strike from the files, defendant's motion to quash the service of summons "for the reason that the court is without jurisdiction to entertain the same."

From this order, appeal is prosecuted to this court on questions of law.

On the question of the right to appeal under the statute from the order of the Probate Court, we determine that a ruling upon a motion, filed before judgment, to quash service of summons, is generally held not to be a final order and therefore not reviewable before final judgment; but, where the motion is filed at a term subsequent to the entry of the judgment, and if overruled sustains the judgment, such ruling is a final order, reviewable as such.

For a proper decision in this case it becomes necessary to determine two questions:

Can one determine the sufficiency of process by a motion to quash service after judgment?

Can one without a bill of exceptions challenge in a reviewing court the sufficiency of service in the Probate Court, as is here attempted?

The motion in controversy is not an attack upon the judgment itself, but is an attack upon one of the procedural steps necessary to the acquiring of jurisdiction, and which procedural step is a condition precedent to the right of a court to render a judgment.

The background of tradition gives the setting of the Ohio statutes, which permit one to attack the validity of the judgments of courts of record. And at no time in the development of this branch of adjective law have courts generally permitted such an indirect attack upon a judgment. From the time a judgment is

entered it becomes the law's last word in the judicial controversy, and is the final consideration and determination by a court of the rights of the parties. To permit, after judgment, a party aggrieved to piece-meal break down the supporting pillars upon which the temple is constructed, would thwart the very theory upon which the rules of adjective law have been built.

It may be safely asserted that in the state of Ohio there is no precedent for such an indirect attack upon a judgment, and that the statutes of Ohio prescribe the means and manner of obtaining relief after judgment. Or, if the party aggrieved does not desire to resort to the statutes, relief may be sought in a court of equity. The procedure thus authorized has its roots in a distant past and has been sufficient over the ages. "* * * After judgment the remedy is not by motion to quash, but by direct attack on the judgment * * *." 50 Corpus Juris, "Process," Section 323.

"From the time the decree was entered it became the evidence of the facts which it recited, subject, of course, to an attack upon it for want of jurisdiction; but such an attack could only be directed against the decree and not against the evidence upon which it depended for its validity." *Baldwin* v. *Burt,* 54 Neb., 287, 74 N. W., 594.

We therefore determine that if relief is sought against a judgment after term, the action must be directly against such judgment—either under the statutes, or in a court of equity to enjoin the enforcement thereof. An indirect attack on the judgment, by a motion specifically limited to quash service of summons after judgment and after term, on the ground that such service has not been duly made, is not proper procedure.

It follows that the court properly dismissed the motion for the reason that it had no authority to entertain it.

The writer of this opinion, for the purpose of brevity only, would prefer to rest the court's judgment upon a ruling that under these circumstances resort to a motion to quash service after judgment cannot be maintained. However, another reason is apparent which may be advanced to reach the same ultimate result.

As stated heretofore, this court is not favored with a bill of exceptions, and for that reason we can look only to the record made by the pleadings, motions, judgment entries, etc., as appear in the transcript of the docket and journal entries. For aught that appears, at the hearing, following which the judgment on the petition was entered, the defendant entered its appearance by participation therein or in some other manner; or evidence was introduced which proved a compliance with the statutes regulating constructive service despite the docket entries.

The court's judgment entry recites "that due and lawful service has been made" by publication. In the absence of an affirmative showing that the court had no jurisdiction of the person, it will be presumed that the court had before it, at the hearing preceding the original judgment, as well as at the hearing on the motion to quash service of summons, evidence warranting a determination that it had jurisdiction of the person of the defendant. *Winemiller* v. *Laughlin,* 51 Ohio St., 421, 38 N. E., 111; *Kingsborough* v. *Tousley,* 56 Ohio St., 450, 47 N. E., 541; *Equity Savings & Loan Co.* v. *Schwartz,* 57 Ohio App., 392, 14 N. E. (2d), 359.

Determining as we do the controversial questions in the manner set forth above, the judgment must be and is affirmed.

*Judgment affirmed.*

STEVENS and WASHBURN, JJ., concur.